*167 OPINION of the Court, by
Judge Owsley.
This Writ of error is brought to reverie a judgment taken in an action of ejectment against Roc, the casual ejector, by default.
By the assignment of errors, two questions are presented for the consideration of this court:
1st. With respect to the sufficiency of the evidence of the service of the declaration, &c.
2d. As to the necessity of serving the tenants in possession with a copy »f the common order, before a con- | firmation thereof.
The affidavit of service contains no suggestion that those upon whom service was made were tenants in possession of the land, nor does it allege the delivery of copies of the notice under the declaration written. The failure in each of these respects is clearly irregularities for which the judgment must be reversed : for as the tenants may be dispossessed under a judgment against the Casual ejector, the dictates of natural justice, as well as the settled rules of practice, require that before such a judgment is entered they should have notice, and the service of that notice manifested to the court by proof of the delivery to them of copies of the declaration and notice thereunder written.
We would not he understood as deciding that in eve|ry possible case, sueh a service will be required. *168 Instances may occur, where, from the necessity of the case, a different service wifi be admissible. Such, for example, as where the tenant absconds, or keeps out of the way, so that a personal service is made impracticable. But, even then, although a different service will be received for the, purpose of taking an interlocutory order, final judgment will not.be entered until farther service is made, in the manner prescribed by the court.
It is true final judgment was not in this case entered in the first instance against the casual ejector, but a common order taken, to he made absolute at a subsequent term, unless he or some one for him should appear to the action. Had the tenants been served with this order in proper time, then as they might have appeared to the action and defended their possessions, although they may not have been properly served with the declaration, they could have no just cause to complain ; but without deciding on the necessity of serving the tenants with the common order in every possible case, it is evident that as service of the declaration and notice is defectively proven in this case, the failure to serve the common order is fatal.
The judgment must therefore be reversed with costs, and the cause, remanded to that court for new proceedings ; but as the tenants in possession appear now to have notice of the pendency of the suit, unless they should appear and plead to the action, judgment by default may be entered against the casual ejector.