# Sledge *v*. Doe, *ex dem*. Swift.

### *Ejectment.*

*Refusal of defendant to enter into consent rule.* — When a defendant, upon whom notice and a copy of the declaration have been served, appears, and offers to plead not guilty, and denies his possession of the premises, and refuses to enter into the consent rule, as prescribed by the 24th rule of practice, the court may disregard his pleas, and render judgment against the casual ejector; but it cannot, after striking the pleas from the file, render judgment by default against the defendant, for the premises ; nor should it render judgment for the costs in his favor, against the plaintiff, because the latter failed to prove possession in the defendant.

APPEAL from the City Court of Lee.

Tried before the Hon. JOHN M. CHILTON.

This action of ejectment was brought by Charles J. Swift, and the summons, or notice, with a copy of the declaration, was served on Mrs. Sarah J. Sledge as the defendant. The defendant appeared, and, without leave of the court, filed two pleas : the first averring that she was not in possession of the premises sued for, at the commencement of the suit ; and the second, that she was not guilty of unlawfully withholding the premises. On motion by the plaintiff to require her to enter into the usual consent rule, as required by the 24th rule of practice (Revised Code, p. 822), the defendant declared her willingness to confess lease, entry, and ouster, but refused to admit any possession, or to become accountable for any costs. Thereupon, the court ordered her pleas to be stricken from the files, and rendered judgment by default against her, for the premises ; and the plaintiff having failed to prove possession in her at the commencement of the suit, the court also rendered judgment in her favor, against the plaintiff, for the costs of suit. The appeal is sued out by the defendant, and the judgment against her is assigned as error.

W. H. BARNES, for the appellant.

J. M. RUSSELL, *contra*.

B. F. SAFFOLD, J. — The purpose of the consent rule is to get rid of the fictitious parties, and to confine the issue to the title only. The tenant in possession, or his landlord, if he wishes to appear and defend, must enter into the consent rule. If he refuses to do so, the plaintiff takes judgment against the casual ejector, and is then entitled to a writ of possession. By the terms of the consent rule, the party applying consents to be made defendant in place of the casual ejector ; to appear at the suit of the plaintiff ; to receive a declaration in ejectment,

and plead not guilty; and, at the trial of the issue, to confess lease, entry, and ouster, and insist upon the title only; that if, at the trial, the party appearing shall not confess lease, entry, and ouster, whereby the plaintiff shall not be able farther to prosecute his suit, such party shall pay costs to the plaintiff; and that, if a verdict shall be given for the defendant, or the plaintiff shall not further prosecute his suit, for any other cause than for not confessing lease, entry, and ouster, the lessor of the plaintiff shall pay costs to the defendant.

It was usual for the consent rule to ascertain the premises in the possession of the defendant. When this was not done, the plaintiff had to prove the defendant in possession of the premises for which the ejectment was brought. The 24th rule of practice for the circuit court is a literal copy of the English rule (R. M. 1 Geo. 4th, K. B.), requiring the defendant to specify additionally for what premises he intends to defend, and to confess upon the trial that he, or his tenant, as the case may be, was, at the time of the service of the declaration, in the possession of such premises. This rule operates as a notice of the premises for which the tenant means to defend, and supersedes the necessity of the plaintiff's proving him in possession of them at the trial. The plaintiff takes judgment against the casual ejector, for such part not particularly specified in the consent rule.

In the present case, the proper practice would have been, to ignore the pleas put in by the defendant, on his refusal to comply with the 24th rule, and render judgment against the casual ejector, as upon the default of the tenant or landlord in not appearing. The appellee was not entitled to any judgment against the appellant for the premises, nor was the latter entitled to costs against the other.

The judgment is reversed, and the cause remanded.