# Morris *v.* Beebe & Henshaw.

# Gerald & Tyler *v.* Morris.

*Real Action in the Nature of Ejectment.*

1. *Real action; parties defendant.*—In the statutory real action, as in ejectment at common law, the tenant in actual possession is the only proper party defendant.

2. *Same.*—The landlord, though he may have title beyond the term created in the tenant, can not be made a defendant in the first instance, although under the statute he has the right to intervene as defendant, if he so elects.

3. *Same.*—The purpose of our statute authorizing the recovery of damages for use and occupation, as an incident of the judgment for recovery of possession, was to avoid the multiplicity of suits necessary to that end between the parties at common law ; it was not intended to authorize the introduction of defendants, against whom no judgment could be rendered but for damages and mesne profits, along with defendants against whom judgment can be rendered, both for possession and damages.

4.  *Plea ; what sufficient answer to action.*—A plea by defendant " disclaiming all right, interest or possession in the premises sued for, at or since the commencement of the action," is tantamount to a plea denying possession, and the court can not disregard it, and render judgment *nil dicit* for plaintiff for the premises sued for.

5.  *Replication ; what properly disallowed.*—A replication to such plea, that defendant was in possession by his tenant, is no answer to it, but a departure from the plea, and is properly stricken out.

6.  *Tenants of purchaser at sheriff's sale ; when may be ousted.*—Tenants holding under a purchaser of land at sheriff's sale, may be ousted by one who redeems, under the statute, from the landlord, although the lease by its terms extends beyond that time.  The estate of the landlord, though absolute until redemption, is destroyed thereby, and with it fall the lease and other mere dependencies or incidents.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

This was a real action in the nature of ejectment, brought by Josiah Morris, on May 4th, 1872, against A. Gerald, F. Tyler, Eugene Beebe and Ferrie Henshaw, to recover possession of certain premises in the city of Montgomery, known as the " Montgomery Stables," together with damages for their detention.

The first count of the complaint is in the exact language of the form for such action, prescribed in the Revised Code. The second count differed from the first only in this :  It averred that one May was possessed of the premises prior to the 2d day of January, A. D. 1872 ; that defendants entered and held the premises in subordination to the rights of May ; that after defendants had so entered, the sheriff, after due levy, &c., sold the premises under execution against May, and made conveyance to plaintiff on said 2d day of January, A. D. 1872 ; that after receiving conveyance, plaintiff demanded possession and was refused, &c.

The defendants, Henshaw & Beebe, "appeared in person and by attorney, and disclaim all right, interest or possession in the premises sued for, at or since the commencement of the action," &c., and the other defendants filed their plea of not guilty.

When the cause came on for trial, the plaintiff, having taken issue on the plea of the defendants Gerald & Tyler, moved the court to render judgment *nil dicit* against Beebe & Henshaw for recovery of the premises sued for, and that it be referred to a jury to ascertain by their verdict whether Beebe & Henshaw were in possession of the premises when the suit was commenced.  The court overruled this motion, and plaintiff excepted.

The plaintiff thereupon offered to file a replication " in answer to the disclaimer of said Beebe & Henshaw," averring, in substance, that they were in possession of the premises

sued for, by their tenants, at the commencement of the suit, but the court, on motion of said Beebe & Henshaw, struck out said replication, and plaintiff excepted.

It appears from the testimony that one May was originally seized in fee of the premises; that they were afterwards sold by the sheriff under execution against him and. bought by E. Beebe & Co., (a firm composed of the defendants, Beebe & Henshaw,) to whom a conveyance was made ; that Beebe & Co. then leased the property for the term of three years to defendants, Tyler and one Bell, at a rent of $1,000, payable quarterly, and they went into possession under the lease. After this May redeemed from Beebe & Co., who reconveyed to him, and Bell transferred his interest to defendant Gerald, who was in possession under this transfer. After this, the sheriff levied on the premises, under executions against May, and sold and conveyed to the plaintiff Morris. Tyler & Gerald were in possession at the time of the sale to Morris, and claimed the right to possession under said lease, which, according to its terms, had not expired, at the time suit was brought.

There was evidence of the yearly rental value of the premises, but none that Henshaw & Beebe were in possession. Gerald testified that he borrowed money of Beebe & Co. to pay for Bell's interest in the lease, and had given therefor a mortgage on his (Gerald's) interest in the stock, but that neither himself nor Tyler had paid them any rent. This was, in substance, all the evidence.

The court charged the jury, in substance, that they had nothing to do with Henshaw & Beebe, and if they found for the plaintiff, their verdict should be solely against the defendants, Gerald & Tyler. The plaintiff excepted to this charge. The court, among other things, also charged the jury, at the request of the defendants, Tyler & Gerald, that plaintiff, if entitled to recover, could recover rents only from the time of his purchase up to the trial ; that the damages he would be entitled to recover, could not exceed the value of the rents of the property from the time plaintiff purchased up to the time of the trial, and interest. The plaintiff excepted to each of these charges.

The court also charged the jury, at the request of the plaintiff, if they believed all the evidence, the plaintiff was entitled to recover from the defendants, Gerald & Tyler, and they separately and severally excepted. There was judgment on verdict against Gerald & Tyler for recovery of possession and damages, &c., and judgment was also rendered in favor of Beebe & Henshaw.

By consent, under the rules, Morris was permitted to

come in and assign error, as on cross appeal, and each party assigned as error the rulings of the court, to which he excepted.

WATTS & TROY appeared for Morris on the original and cross appeal.

JOHN A. ELMORE and SAM'L F. RICE, *contra*, appeared for appellees on Morris' appeal, and for Gerald & Tyler on their appeal.

BRICKELL, C. J.—These are cross appeals, and were argued and submitted together. The only question presented on the appeal of Morris v. Beebe & Henshaw, which we will first consider, is, whether the statutory real action can be maintained against landlord and tenant jointly, or whether the tenant in possession is not the only proper party defendant.

The Code abolishes all common law forms of action.—*Ivey v. Blum*, 53 Ala. It prescribes a system of remedies bearing more or less analogy to the remedies furnished by the common law. In the application of these remedies, we must look for common law principles and precedents to aid us. The statute providing the remedy pursued by appellant is as follows: "Actions to recover the possession of land may be brought in the nature of ejectment, without any statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejecter, and in such cases the law now in force in relation to the action of ejectment, except so far as relates to the fictitious proceedings therein, or except so far as the same is changed by this Code, is applicable thereto."—R. C. § 2610. "It is sufficient for the plaintiff to allege in his complaint that he was possessed of the premises sued for, describing the same by its designation at the land office, or, when that cannot be done, by metes and bounds, or other appropriate designation, and that after his right accrued, the defendant entered thereupon and unlawfully withholds and detains the same."—R. C. § 2611. "The plea is *not guilty*, under which the defendant may give the same matter in evidence as upon the plea of *not guilty* in ejectment. Such plea is an admission of defendant's possession of the premises, unless he distinctly states upon the record the extent of his possession."—R. C. § 2613-14. The judgment is for the whole or a part of the premises.—R. C. § 2618. A form of complaint is prescribed, entitled "for the recovery of land, or possession thereof, complaint in the nature of an action for ejectment."—R. C. p. 677. The Code expressly declares

any pleading conforming substantially to the schedule of forms appended to it, is sufficient.—R. C. § 2630. Until the statute of 1863, reviving the action of ejectment as it existed at common law, (R. C. § 2621,) the form of action thus provided by the Code, was the only action which could be pursued for the recovery ,of lands or the possession thereof. Whether it was a real action or a possessory action, as classified at common law—whether it was founded on a right of property or the mere right of possession—whether for the recovery of the freehold or a term of years, it was merged in this statutory action. Such, it is apparent, was the legislative interpretation, or there was no necessity for reviving the action of ejectment, and authorizing a party at his election to pursue that or the statutory remedy.

The statutory remedy is expressly assimilated to the action of ejectment. Divested of the fictitious proceedings with which that action was encumbered, it was a plain, simple remedy for trying the right of possession. The statute is silent as to who are the proper or necessary parties plaintiff or defendant, and as to who may join, or be joined, in the one or the other capacity. The common law in reference to the action of ejectment, must determine who are the proper parties. The tenant in possession, he who entered and alone could enter into the consent rule, was the only proper and natural party defendant.—Adams Ej. 255 ; Tyler on Ej. 411 ; *Wharton v. Clay,* 4 Bibb, 167 ; *Jackson v. Ives,* 9 Cow. 661 ; *West v. Talman,* 4 Wash. 200. Said Lord Kenyon : " On trial of an ejectment, two parties come to litigate the title to an estate, the person claiming, and the person who is supposed to withhold improperly the possession, but as soon as it turns out that the latter is not in possession, it seems to me the cause is ill-constituted between those persons." *Goodright v. Rich,* 7 D. & E. 334. The statute, in terms, dispenses with the fictitious proceedings, the statement of the lease to the plaintiff, and the ouster by a casual or nominal ejector. Dispensing with the fictions, the law in relation to the action of ejectment not changed by the Code remains of force, applicable to the statutory action. This being true, to support the action, the plaintiff must prove the defendant in the *actual* possession of the premises at the time suit is commenced, unless it is admitted by the plea of the defendant.—Tyler on Ej. 472 ; Barbour on Parties, 265 ; *Lucas v. Johnson,* 8 Barb. 248 ; *Fenn v. Wood,* 1 Bos. & Pul. 573. While the fictitious proceedings were in use, the court was always careful to see that the declaration and notice had been served on the tenant in possession.—Tyler on Ej. 411. If not served on him, though served on his landlord, a judg-

[Morris v. Bebee & Henshaw ; Gerald & Tyler v. Morris.]

ment rendered, and a writ of *habere facias possessionem* issued, would, on his motion, be vacated.—*West v. Talman*, 4 Wash. 200. When the landlord parted with possession for a term, and the tenant entered, the right of possession was transferred to him, and the landlord could not legally enter during the continuance of the term. The possession of the tenant is for some purposes deemed the possession of the landlord. When so deemed, it is for the protection of the landlord. The judgment in ejectment, or in the statutory action, operating on the possession, and a change of possession, the process for execution of judgment, if judgment is for plaintiff, being a writ commanding the restitution or induction of plaintiff into possession, it follows naturally and legally that the tenant in possession, though holding in subordination to the title of the landlord, yet having a right of possession, the landlord cannot disturb, is the proper party defendant. The landlord is not the proper party, because the judgment against him, and the writ for its execution, would be unavailing against the possession. We speak of the proper relation of landlord and tenant, and not of the relation of master and servant, or of principal and agent. The case under consideration is that of landlord and tenant, as it is disclosed by pleadings and proofs.

The landlord at common law, or rather by the rules and practice of the courts, was not permitted to defend, though his title was involved, even when he received notice, without the consent of the tenant.—Adams on Ej. 256. To protect the landlord, statutes have been enacted similar to our present statute, providing "when the suit is against a tenant, the landlord must, on his motion, be made defendant."—R. C. § 2606. Such statutes do not authorize the plaintiff to make him an original defendant, in commencing suit, nor dispense with the necessity of making the tenant a party defendant. They simply confer on the landlord a right to intervene in the suit, which he may waive or exercise at his option. If he has title extending beyond the term he has created in the tenant, which can be affected by the suit, it will be his interest to intervene, and the title and the right of possession will generally be quieted by the judgment. If he has no such title, there is no reason to justify his intervention, or for making him a party defendant.

The statute evidently contemplates that the action shall be brought only against the party in actual possession, and not against a party having a reversionary title to the possession. The averment of the complaint is, that the defendant "unlawfully withholds and detains," which can be asserted only of an actual possessor, and not of him whose

(20)

right of possession is in reversion. The plea is not guilty of the matters charged in the complaint—not guilty of any past but of a present withholding and possession; and is an admission of present possession dispensing with proof of the fact, unless the defendant distinctly states the extent of his possession.—R. C. § 2614. The statute, in defining the effect of the plea, with the exception of the case in which the defendant limits its effect to the particular part of the premises of which he has possession, implies necessarily, that the plea is by a party having a possession to limit. One having no possession, making, in truth, no admission of possession, by the general plea of not guilty, could not distinctly state on the record the extent of his possession. The statute contemplates the party defendant shall have an actual possession, on which the judgment may operate. This, the landlord who has for a term divested himself of possession, has not, and he is not a proper party defendant. If made defendant, he may by plea denying possession, protect himself against suit and judgment. Though the plea purports to be a disclaimer, it is in substance a denial of the possession of the premises, and the court could not disregard it, and enter judgment *nil dicit* against the defendants. The word *disclaim*, instead of the word *deny*, is employed, but one of the significations of that word, and not an unusual one, is to *deny possession*. The *disclaimer*, as pleading in the common law actions, was of use only in *real*, not in *possessory actions*. It gave the demandant all that a judgment in his favor could accomplish, operating as a release or surrender to him.—Jackson on Real Actions, 97. No such pleading was known in the action of ejectment, nor do we suppose it was intended to introduce it into the statutory action, assimilated to it. The replication to the plea was not an answer to it, but a departure from it, and was properly stricken out. It admitted in effect the facts stated in the plea, but proposed an immaterial issue, that the tenants of the defendants were in possession, which, if true, was a bar to the suit.

Because *mesne* profits, or damages for the use and occupation, are now recoverable in the suit for the recovery of the land, or its possession, does not change the rule as to the proper party defendant. The damages are an incident to the judgment, as in an action of detinue damages for the detention, are an incident to the recovery of the chattel detained. The object of the statute in authorizing their recovery, as an incident to the judgment in ejectment, was to avoid the multiplicity of suits between the same parties necessary at common law. It was never intended to authorize the introduction of defendants against whom no other

judgment than for damages or *mesne* profits could be rendered, while against other defendants not only a judgment for damages, but a judgment for the recovery of possession, was rendered. Judgments at law are not capable of being so split up or divided. It is true, the statute authorizes judgments severally against each of several joint defendants, for the damages arising from the detention of the part of the premises held by each.—R. C. § 2615. At common law, a plaintiff could join in ejectment, several defendants, holding separately distinct parts of the premises, and recover of each the part occupied by him.—*Rowland v. Ladiga*, 21 Ala. 33. When the statute authorized the recovery of *mesne* profits as damages, and as an incident to the judgment, as it did prior to the Code, the consequence was that the damages must have been severally assessed when there were several defendants holding separately distinct parts of the premises. This section of the Code is merely an affirmation of a legal consequence, existing without it, and indicates no legislative intent that there can be in ejectment a judgment against one defendant for *mesne* profits only, and against another for the premises and *mesne* profits.

There are doubtless cases in which the landlord, not suable in ejectment, may be liable with his tenant for *mesne* profits. Such a case would occur when the tenant enters under the landlord, after the plaintiff's right of possession had accrued. Then, on the principle that all who aid in the commission of a trespass are deemed in law trespassers, the landlord may be liable for the *mesne* profits during the occupation of his tenant.—*Chirac v. Reinicker*, 11 Wheat. 297. In such a case the remedy for recovery is an action of trespass, joining landlord and tenant or not as the plaintiff may elect. The action of ejectment is not in such a case a proper remedy for recovery of damages.

The question arising on the appeal of *Gerald & Tyler v. Morris*, is whether the tenants of a purchaser at sheriff's sale, are subject to ouster if the premises are redeemed during the term for which they have leased?

The statutes authorizing the redemption of lands sold under execution, within two years after the sale, by the defendant or his judgment creditor, does not create the relation of mortgagor and mortgagee between the judgment debtor and the purchaser. When the sheriff's sale is consummated by the delivery of the deed to the purchaser, he becomes the absolute owner, entitled to possession, and the rents and profits. The defendant in execution has no interest in the lands. There remains nothing in him, "but the naked right of redemption, which is irretrievably lost if it

be not asserted in the time and manner prescribed by law."—
*Kannon v. Pillow,* 7 Humph. 281; *Spoor v. Phillips,* 27 Ala. 193.
Though improvements give to land its principal value, the
purchaser may remove them, without liability to impeach-
ment for waste.—*Kannon v. Pillow, supra.* All that remains
to the defendant, or that the statute reserves to his judg-
ment creditors, is in the nature of a right of repurchase. It
bears a resemblance to the possibility of reverter, remaining
in the grantor on the creation of a base or qualified fee at
common law, which was not property, but mere matter of
jurisdiction. When the jurisdiction is exercised, by the
payment or tender necessary to redemption, if made by the
judgment debtor, its effect is by the express terms of the
statute to "reinvest him with the title." He is in the estate,
as a grantor entering at common law for breach of condition
was, as of his original estate—as if there had been no sher-
iff's sale and conveyance. So if a creditor pays, or tenders
the purchaser the sum necessary for redemption, and gives
the judgment debtor the proper credit, by operation of law,
by the words of the statute, "the title to such land vests in
the creditor." It could not have been made more apparent,
that redemption, whether by the debtor or creditor, should
determine the title of the purchaser at the sheriff's sale,
though until redemption it is absolute. The destruction of
that estate carries with it the lease to tenants, and all other
mere dependencies or incidents. "It is a clear principle of
the common law," says Chancellor Kent, "that no man could
grant a lease to continue beyond the period at which his own
estate was to determine."—4 Kent, 116. The redemption
from the landlord of the defendants, determined his estate
in the premises, and was a termination of the lease dependent
on it. It was within the option of the purchaser at sheriff's
sale, subsequent to the redemption by the judgment debtor,
whether he would renew and continue the lease, accepting
the lessees as his tenants, or eject them.

There are other unimportant questions arising on the
record, which have been considered, but an express decision
of them would not vary our judgment. We find no error in
either judgment, authorizing a reversal, and they must be
respectively affirmed.