THE CAIRO AND FULTON RAILROAD COMPANY

*v.*

BENJAMIN W. TITUS et al.

Where a judgment has been recovered at law, and the party who recovered it has been enjoined in chancery from proceeding thereon, and a new trial has been ordered, such new trial may, in a proper case, be had in chancery, or, in the discretion of the chancellor, may be had at law, either by an issue out of this court or in the suit at law, and where a new trial in the suit at law is ordered, unless the party who recovered the judgment will consent to such new trial, he will be perpetually enjoined from enforcing his judgment.

Bill for relief. Motion for direction as to the proper procedure in the cause.

*Mr. T. N. McCarter*, for complainant.

*Mr. C. Parker*, for defendants.

THE CHANCELLOR.

The question is raised as to the proper practice in respect to the forum of the trial in such a case as this—whether it should be this court or a court of law. The suit is brought for relief against a judgment recovered by the defendants against the complainant, in the supreme court of this state, and an injunction has been granted and a new trial ordered, pursuant to the prayer thereof. *Cairo and Fulton R. R. Co.* v. *Titus, 5 Stew. Eq. 397.* This court does not, in such cases, act upon the case, but

upon the parties. It cannot set aside the judgment, but it can relieve against it. Where a judgment has been secured by artifice or concealment on the part of the plaintiff, and the court where the fraud has been perpetrated is not able to afford adequate relief there, this court will take hold of the party who has committed the fraud, and will prevent him from using the judgment to the injury of his adversary, or, if he has enforced his judgment, will hold him as a trustee and compel him to account for the fruits of his iniquity. *Tomkins* v. *Tomkins, 3 Stock. 512.* In such cases, there may be a new trial in the court of law. Originally, chancery compelled new trials at law by perpetually enjoining the plaintiff in the judgment from enforcing it unless he would consent to a new trial, the injunction being the means by which the plaintiff was constrained to do justice. And the practice of thus compelling new trials at law still exists. *3 Gra. & Wat. on New Trials 1482,* and cases there cited. In *Carrington* v. *Holabird, 19 Conn. 84,* there was a decree for a new trial at law. In *Yancey* v. *Downer, 5 Litt. 8,* the court of appeals of Kentucky, reversing a decision of the chancellor, ordering a new trial at law, *in totidem verbis,* said that the chancellor ought to decree that, unless the defendant in chancery consents, in the common law court, to a new trial, in a reasonable time, his hands shall be tied and he be perpetually restrained from executing his judgment. See, also, *Bush* v. *Craig, 4 Bibb 168,* and *Floyd* v. *Jayne, 6 Johns. Ch. 479.* But this court may itself adjudicate upon the matter, without the aid of a jury, and there are many cases where there obviously would be no propriety in referring or permitting the case to go again to law, as, for example, where the newly-discovered defence is a release of or receipt for the debt for which the judgment was

Note.—An issue at law is discretionary with the chancellor, where a defendant in a court of law applies for an injunction against a judgment, upon facts in relation to which the proof is contradictory, *Key* v. *Knott, 9 Gill & Johns. 342.* See *Foote* v. *Silsby, 1 Blatch. 545.* So, upon a bill of review. *Elliott* v. *Balcom, 11 Gray 286.* See, further, *Proffatt on Jury Trials, §§ 89–94; Sinclair* v. *Price, 1 Hill Ch. 431; Fernie* v. *Young, L. R. (1 H. of L.) 63.—* Rep.

recovered. In *Crawford* v. *Crawford, 4 Desauss. 176*, the judgment had been obtained on a bill of sale, which either was fraudulent, or, if genuine and properly obtained, was put to a fraudulent use. The court so decided on the testimony, and thereupon enjoined the defendant perpetually from enforcing the judgment. In *Hunter* v. *Boykin, 1 Desauss. 108*, equity enjoined the plaintiff in a judgment recovered for the nominal amount of depreciated currency, from enforcing it, except for the amount of the true value, which it itself determined by reference to a master. This court can, in any given case, itself give effect to the testimony with respect to which a new trial may be ordered, and determine what difference it ought to have made in the result of the trial at law, if it had been introduced there. In such case, there will, in effect, be a new trial in this court, instead of the court of law. It is quite within the power of this court, too, to order an issue if it see fit to do so. In *Winthrop* v. *Lane, 3 Desauss. 310*, the court would have done so had the parties consented, and only in view of their refusal and the length of time the cause had been in court, refrained from doing so, and decided the matter itself. In the case in hand, under the circumstances, there should be a new trial at law, and unless the defendants will consent to such new trial in a reasonable time, they will be perpetually restrained from enforcing their judgment.