# O'Connor *v.* Bank of Attalla.

*Action to recover Damages for Waste.*

1. *Purchaser at execution sale; liability to redemptioner for waste.* A judgment creditor who redeems land from a purchaser at execution sale, can not recover damages for waste committed by such purchaser prior to redemption.

[O'Connor v. Bank of Attalla.]

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellant against the appellee to recover damages for waste committed by the defendant who was the purchaser at an execution sale of certain lands. There is but one question presented on the present appeal, which arises from the rulings of the trial court upon the pleadings. This question is sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings and the rendition of judgment for the defendant.

DENSON, BURNETT & CULLI, for appellant.—The right of the redemptioner relates back to the original purchaser, and gives the redemptioner the right to recover for permanent injury or a waste committed.—*Posey v. Presley*, 60 Ala. 251; *Otis v. McMillan*, 70 Ala. 55; *Stout v. Keyes*, 2 Doug. (Mich.) 186; *Whitney v. Huntington*, 57 Amer. Rep. 71; 20 Amer. & Eng. Encyc. of Law, 734, and note.

DORTCH & MARTIN, *contra*, cited *Morris v. Beebe*, 54 Ala. 300; *Otis v. McMillan*, 70 Ala. 46; *Kannon v. Pillow*, 7 Humph. 292.

McCLELLAN, J.—The only question presented by this record is whether a judgment creditor who redeems lands from a purchaser at execution sale may recover damages for waste committed by such purchaser prior to redemption. The purchaser being the absolute owner of the land and all rights and interests in it, subject only to a right of re-purchase outstanding in judgment creditors of the defendant in execution—among others —it would seem upon general principles that he is not liable to the redemptioner for waste; and so we understand it to have been substantially decided by this court. *Morris v. Beebe*, 54 Ala. 300, 307–8; *Otis v. McMillan*, 70 Ala. 46, 61–2, citing approvingly *Kannon v. Pillow*, 7 Humph. 292. The case of *Dozier v. Mitchell*, 65 Ala. 511, relied on for appellant involved redemption from a mortgagee in possession before valid foreclosure and not

redemption from a purchaser at foreclosure sale : it was the assertion of the *equity* of redemption and not of the statutory *right* of redemption ; and is, therefore, not authority in the case at bar.

Affirmed.