# Banks *v.* Speers.

### *Statutory Action of Ejectment.*

1. *Statutory action of ejectment*; *tenant in possession proper party defendant.*—In a statutory real action in the nature of ejectment, as well as in an action at common law, the tenant in actual possession of the land sued for, is the only proper party defendant; and an action brought against the landlord, while the land was in such possession of his tenant, can not be maintained.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was a statutory action of ejectment, brought by the appellant, William Banks, against the appellee, John Speers, as administrator *de bonis non* of the estate of M. D. Burchfield, and sought to recover the possession of certain lands in the town of Jasper.

The defendant filed a special plea, in which he sets up that he was not in possession of the lots sued for in whole or in part at the commencement of the suit. The plaintiff filed a replication to this plea, in which he al-

leged that the defendant was the administrator *de bonis non* of the estate of M. D. Burchfield, deceased, and as such had recovered possession of the lot sued for and now has possession of the same through a tenant, who has, from time to time, paid the defendant rent for said lots. The defendant moved the court to strike the replication from the file upon the following grounds : 1st. Because it presents an immaterial issue. 2d. Because it is a departure from the complaint. 3d. Because the facts alleged in the plea show that defendant was not in possession of the premises sued for. This motion was overruled, to which ruling of the court the plaintiff excepted.

Upon the trial of the cause, there were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court in granting the motion of the defendant to strike the plaintiff's replication from the file, and the rendition of judgment for the defendant.

APPLING & McGUIRE, H. L. WATLINGTON and W. H. SMITH, JR., for appellant.

COLEMAN & BANKHEAD, *contra.*

McCLELLAN, J.—What was said in the case of *Speers et al. v. Banks*, 114 Ala. 323, viz.: "If Speers should be defeated in his application for the sale of the lots, he would be liable to ejectment at the suit of Banks for the recovery of the possession of them," proceeded on the assumption of Speers' personal possession of the lots, and meant no more than that Banks would be entitled to the possession as against Speers, or any one holding under Speers. The court did not intend by the language used to deny or question the doctrine that in the statutory real action, as well as in ejectment, the tenant in possession is the only proper party defendant ; that matter was not at all in the mind of the court.—*Morris v. Beebe et al.*, 54 Ala. 300.

The circuit court properly ruled that this action could not be brought against Speers while the land was in the actual possession of a tenant under Speers, and the judgment is affirmed.

Affirmed.