# Bailey *v.* Selden.

*Action of Ejectment.*

124  403
139  297

1. *Disclaimer; effect of in ejectment.*—Where in an action of ejectment or an action in the nature of ejectment, the defendant disclaims as to a part of the premises sued for the plaintiff may take judgment as for want of a plea without damages or costs for the part of which the defendant has disclaimed, and proceed to trial upon issues made respecting the remainder of the premises.

2. *Ejectment; inconsistent pleas in.*—In ejectment or an action in the nature of ejectment a plea denying possession and a plea of not guilty being inconsistent, cannot be pleaded together by the same defendant.

3. *Same; motion to strike pleas properly overruled.*—A motion in an action in the nature of ejectment to strike out a plea denying possession in whole or in part of the land sued for at the commencement of the suit, and a motion for judgment upon it for the premises were properly overruled.

4. *Same; what is immaterial issue.*—A replication to a plea in ejectment which denies possession of the land sued for, that the defendant "is now residing on the lands sued for in the complaint and was at the commencement of this suit and has ever since then resided thereon," tenders an immaterial issue and demurrer to it was properly sustained.

5. *Presumption after verdict.*—Where the record is silent as to whether issue was joined on a plea it will be presumed after verdict that issue was taken upon it.

6. *Ejectment; residence on land tends to show possession.*—Where in an action of ejectment a plea of disclaimer of possession of the land sued for was interposed by a defendant, and issue was joined thereon, and it was proved that this defendant lived on the land at the time suit was brought, and was often seen out where the hands who cultivated the land were working, the affirmative charge for him was error; for while his residence upon the land did not necessarily constitute possession, it was a fact from which, together with the other facts in evidence, his possession of the land might have been found.

7. *Demurrer to a plea; when indivisible.*—A demurrer to a plea

[Bailey v. Selden.]

that it presented an immaterial issue and was no proper plea, must be treated as indivisible, presenting a single objection, though upon different grounds; and if it was sustained the plaintiff cannot complain, upon whatever grounds the ruling was placed.

8. *Plea; when merit of is not raised by demurrer.*—A plea in eject-ment which sets up that the defendant is in possession of the land as the tenant of the assignee of a first mortgage with legal title, and that plaintiff claims under a second or junior mortgage, and that defendant became such tenant in good faith and such tenantcy is *bona fide* and not a pretense, has merit, if at all, independent of the tenantcy so that the ques-tion of its merit is not raised by a demurrer which was upon the single ground that it showed the tenantcy to have began after suit.

9. *Prima facie presumption that a deed was executed on its date; but may be rebutted.*—The *prima facie* presumption is that a deed which has been in the grantee's possession was executed on the day of its date; but the presumption cannot prevail when either attestation or acknowledgment is necessary to complete the execution, and the only proof of execution is by the acknowledgment which is made on a subsequent day.

10. *Deed; when operative to pass after-acquired title.*—The doctrine whereby a deed may operate to pass an after-acquired title ap-plies only where the acquisition is of a title outstanding and adversely held and not to one subsequently acquired from the grantee of the prior deed; hence, a deed is inoperative to pass title even against the grantor which is signed on the same day that the deed is signed which is held by the grantor, and which latter deed was not proven, and not acknowledged until after the date of its signature.

APPEAL from Marengo Circuit Court.

Tried before Hon. JNO. C. ANDERSON.

W. E. Bailey and E. T. Bailey, as partners under the name of W. E. Bailey & Bro., brought this suit to re-cover certain land mentioned in the complaint. John A. Selden, one of the defendants, disclaimed as to the whole of the land. The plaintiffs replied that he was re-siding on the land at the commencement of the suit and continued so to reside, and was so residing at the date the plea was filed. Demurrer to this replication was sustained. Sallie G. Selden, the other defendant, pleaded two pleas, not guilty, and tenantcy, under one Minge, who held the legal title to the land. The latter

[Bailey v. Selden.]

plea was not pressed. The evidence of the plaintiffs was, that the plaintiffs held a mortgage on the land from the defendants, containing a power of sale; that the mortgage was foreclosed under the power and G. B. Johnston became the purchaser and received from W. E. and E. T. Bailey a deed to the land, and on the same day reconveyed to W. E. Bailey & Bro. That the conveyance from Johnston to W. E. Bailey & Bro. was duly acknowledged on the date of its signing but the conveyance from W. E. Bailey & Bro. to Johnston was not acknowledged until several days after it was signed and not until the deed from Johnston to Bailey & Bro. was fully executed. The residence of John A. Selden on the land was proven. The decisive questions were whether or not the affirmative charge was proper in favor of John A. Selden, and whether or not the plaintiffs had title as against Sallie G. Selden, inasmuch as at the time Johnston executed the deed to Bailey & Bro., the deed from Bailey & Bro. to him had not been acknowledged and was not proven to have been delivered at the date it was signed.

G. B. JOHNSTON, ABRAHAMS & CANTERBURY and W. H. TAYLOE, for appellants.—Deed is presumed to have been executed on day of its date, regardless of date of acknowledgment. (1). *Deininger v. McConnell*, 41 Ill. 227; *Jane v. Gregg*, 42 Ill. 413; *Hardin v. Crate*, 78 Ill. 533; *Purdy v. Coar*, 109 N. Y. 448; *Rains v. Walker*, 77 Va. 92; *Robinson v. Gould*, 26 Iowa 89; Devlin on Deeds, par. 265. (2). Plea of John A. Selden denies possession and court should have given judgment against him. *Torrey v. Forbes*, 94 Ala. 135; *Smith v. Cox*, 115 Ala. 503; *Bynum v. Goul*, 11* Ala. 427; *Richardson v. Stephens*, 114 Ala. 238.

TAYLOR & ELMORE and R. M. DOUGLAS, *contra.*—(1). When delivery of deed is prior to acknowledgment, it takes effect from acknowledgment.—*Webb v. Mullins*, 78 Ala. 111. (2). Plea of John A. Selden, denying possession was a good plea.—*Morris v. Beebe*, 54 Ala. 300; *Banks v. Spear*, 23 So. Rep. 64.

SHARPE, J.—By section 1533 of the Code, "The defendant may in an action of ejectment or in an action

in the nature of ejectment, disclaim possession of the premises sued for in whole or in part, and upon such disclaimer, the plaintiff may if he so elects take issue; and if the issue be found for him, he is entitled to judgment, etc."

When the plaintiff does not so elect to take, the statute is silent as to the procedure, but under the decisions of this court an important difference is observed between a disclaimer made as to the whole and one which goes only to a part of the premises sued for. In the latter case it has been several times held that the plaintiff may take judgment as for want of a plea without damages or costs for the part of which the defendant has disclaimed and proceed to trial upon issues made respecting the remainder of the premises.—*Sledge v. Doe,* 51 Ala. 386; *McQueen v. Lampley,* 74 Ala. 408; *Torrey v. Forbes,* 92 Ala. 135; *Buxbaum v. McCorley,* 99 Ala. 537, and in *Callan v. McDaniel,* 72 Ala. 96, it was held that the statement of such a partial disclaimer is not a plea and was therefore not subject to demurrer, but that its office was merely to make known upon the record as to what part of the premises defense will be made.

But in *Morris v. Beebe,* 54 Ala. 300, it was held that a disclaimer of "all right, interest or possession in the premises sued for at or since the commencement of the action, etc.," was tantamount to a plea denying possession which would prevent the rendition of judgment *nil dicit* for the premises. That decision went upon the reasoning that the action being a possessory one lies only against one in possession, otherwise there is nothing upon which a judgment can operate and that therefore one out of possession may defend the suit and protect himself from judgment by plea denying possession. Such a plea is not the disclaimer of interest known in pleading at common law, the effect of which was to give the plaintiff the interest he demanded and to put an immediate end to the suit. Such a disclaimer was to the interest rather than to the possession in controversy and was not appropriate to actions of ejectment.—*Prescott v. Hutchison,* 13 Mass. 440; *Morris v. Beebe, supra.* It is assimilated to the plea of *non tenure* as recognized at common law as pleadable in bar of possessory actions.

*Otis v. Warren,* 14 Mass. 240. Under it the plaintiff is not put to proof of his title which for the purposes of the trial is admitted by the disclaimer. Not guilty is the appropriate plea to deny title but under the statute and the consent rule it admits possession. The two pleas being inconsistent cannot be pleaded together by the same defendant.

The plea of disclaimer filed by the defendant John A. Selden extended to the whole of the land sued for and was sufficient in form and substance. The demurrer to this plea is presumed to have been abandoned since no ruling of the court upon it appears to have been invoked or had. The motion to strike it out and the motion for judgment upon it for the premises were each properly overruled.

The replication to the same plea tendered an immaterial issue, and the demurrer to it was properly sustained.

The record is silent as to whether issue was joined upon this plea of John A. Selden, but in such case after verdict it will be presumed that issue was taken upon it. *Home Protection of North Alabama v. Caldwell,* 85 Ala. 607. Under that issue there was evidence of John A. Selden's possession of the land which should have been submitted to the jury. While his residence upon the land did not necessarily constitute possession it was a fact from which, together with the other facts in evidence, his possession of the land might have been found, so entitling the plaintiffs to judgment against John A. Selden, whatever the result against the other defendant. There was error therefore in giving the general affirmative charge in favor of both the defendants.

The demurrer to the original plea No. 2 of Sallie G. Selden must be treated as indivisible, presenting a single objection, though upon different grounds. It was sustained and upon whatever ground the ruling was placed the plaintiff cannot complain of it.—*McDonald v. Pearson,* 114 Ala. 630; *Steiner v. Parker,* 108 Ala. 357.

That plea after its amendment was apparently abandoned since no attempt was made to prove it, and the plaintiffs were not injured by the overruling of their demurrer to the plea as amended. If that plea has merit

it exists independent of Mrs. Selden's tenantcy under Minge, so that the question of its merit is not raised by the demurrer which was upon the single ground that it showed her tenantcy to have begun after suit. There was no error in overruling the demurrer. As to the merits of the plea see *New Eng. Mort. &c. Co. v. Clayton,* 24 So. Rep. 362.

As against the defendant Sallie G. Selden, the plaintiffs to succeed were bound to prove title. They claimed through John A. Selden by virtue of their mortgage from him. Such title as they acquired by that mortgage passed to G. B. Johnston by their deed to him bearing the date of July 1st, 1896, and acknowledged July 13th, 1896. The *prima facie* presumption is that a deed which has been in the grantee's possession was executed on the day of its date.—2 Gr. Ev. 297; *United States v. LeBaron,* 19 How. 73; *Purdy v. Coar,* 109 N. Y. 448. The presumption however cannot prevail when either attestation or acknowledgment is necessary to complete the execution and the only proof of execution is by the acknowledgment which is made on a subsequent day. The signature to this deed to Johnston purports to have been attested and by proof of that fact its execution might have been established as of the time it was actually signed, but such proof was not made, consequently the date of the acknowledgment must be accepted as the time when the conveyance to Johnston became operative. *Webb v. Mullins,* 78 Ala. 111.

Johnston's deed to the plaintiffs prior to that time did not divest his subsequently acquired title. The doctrine whereby a deed may operate to pass an after-acquired title applies only where the acquisition is of a title outstanding and adversely held and not to one subsequently acquired from the grantee of the prior deed.

The plaintiffs failed to show title as to Sallie G. Selden and the charge requested by them was rightly refused.

As this appeal must result in a reversal of the judgment, the action of the court in refusing to reopen the evidence after charging the jury and in refusing the motion for a new trial becomes unimportant and unnecessary to be reviewed.

Reversed and remanded.