(80 South. 352)

MARBURY LUMBER CO. v. WAINWRIGHT. (3 Div. 345.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. EJECTMENT ⟨key⟩71—PLEA OF DISCLAIMER— EFFECT.

In statutory ejectment, plaintiff was entitled to verdict and judgment against four defendants who disclaimed as to all lands sued for, and against other defendant as to 40 to which he disclaimed, but without costs or damages, pleas of disclaimer admitting plaintiff's title, but denying possession by each defendant, being therefore admission of record of plaintiff's title and right to recover as to lands disclaimed.

2. EJECTMENT ⟨key⟩71—DISCLAIMER—OPTION OF PLAINTIFF.

Where some of several defendants in statutory ejectment disclaim as to all lands, and another as to part only, and plead not guilty as to part disclaimed, plaintiff can take judgment against those disclaiming, as for want of plea, but not as for costs and damages, and like judgment against other as to part for which he disclaimed, and go to trial alone on plea of not guilty, or can join issue on pleas of disclaimer, and, if disproving them, which are denials of possession only, have judgment for costs and damages as well as possession.

3. APPEAL AND ERROR ⟨⟩916(1)—PRESUMPTION—EJECTMENT—DISCLAIMER.

On appeal in statutory ejectment, if record is silent as to whether issue is joined on plea of disclaimer, it will be presumed issue was taken.

4. EJECTMENT ⟨⟩96—DISCLAIMER—ISSUE OF POSSESSION—EVIDENCE.

In statutory ejectment, if issue was joined on plea of disclaimer, plaintiff was entitled to verdict thereon, undisputed evidence showing disclaiming defendants were in possession of lands sued for at time suit was brought and at time of trial, though they claimed their right to possession through one defendant who pleaded not guilty.

5. EJECTMENT ⟨⟩19—POSSESSION OF DEFENDANT.

Ejectment must be brought against those who are in the actual possession of the land sued for.

6. EJECTMENT ⟨⟩49—ACTION AGAINST TENANT—LANDLORD AS DEFENDANT.

In statutory ejectment, a tenant, defendant, is not entitled to have his landlord made sole party defendant.

7. EJECTMENT ⟨⟩71—PLEA OF DISCLAIMER—NONJOINDER OF ISSUE.

In statutory ejectment, if issue was not joined on the plea of disclaimer of four defendants, but it was confessed, plaintiff was entitled to verdict and judgment for possession as against the four disclaiming defendants.

8. APPEAL AND ERROR ⟨⟩1050(1)—IMMATERIAL ERROR—EVIDENCE—EJECTMENT.

In statutory ejectment, any error in admission in evidence, for only defendant who pleaded not guilty as to part of land sued for, of deed from father and mother to him, was immaterial, where only 40 acres sued for described in deed was 40 as to which such defendant disclaimed.

Appeal from Circuit Court, Autauga County; Laon McCord, Judge.

Suit by the Marbury Lumber Company against J. B. Wainwright and others. From judgment for plaintiff as against the named defendant, plaintiff appeals. Reversed and remanded.

Rushton, Williams & Crenshaw, of Montgomery, and Guy Rice, of Prattville, for appellant.

Gipson & Boothe, of Prattville, for appellee.

MAYFIELD, J. Appellant sued J. B. Wainwright and four other Wainwrights in statutory ejectment, to recover several 40-acre tracts of land. All of the defendants except J. B. Wainwright disclaimed possession to all the lands sued for, and J. B. Wainwright disclaimed as to one 40, and pleaded not guilty as to all the other lands sued for. Issue was joined on the plea of not guilty only; and verdict and judgment was rendered for the plaintiff for three small parcels,

each out of different 40-acre tracts sued for.

[1] The plaintiff was certainly entitled to a verdict and judgment against the four defendants who disclaimed as to all the lands sued for, and against J. B. Wainwright as to the 40 to which he disclaimed; but without costs or damages, of course. The plea of disclaimer admits the plaintiff's title, but denies possession by the defendant. So these pleas were an admission of record, of plaintiff's title and right to recover, as to the lands disclaimed.

The rule and law as to such pleas is well stated in McQueen v. Lampley, 74 Ala. 408, 410:

"Disclaimer, or denial of possession, would have put in issue the question, and only the question, of possession. The former is an admission of defendants' possession, with denial of plaintiff's title; the latter, an admission of plaintiff's title, with denial of defendant's possession. They are incompatible defenses, and cannot be pleaded together. Bernstein v. Humes, 60 Ala. 582 [31 Am. Rep. 52]."

A failure to find for the plaintiff as to any of the lands sued for was, of course, a finding for the defendants; and a judgment for the plaintiff, as for that only found by the verdict, was tantamount to a judgment for defendants, notwithstanding four disclaimed as to all the lands sued for, and the other defendant disclaimed as to one 40. Neither the verdict nor the judgment responded to the issues.

[2-6] Where some of several defendants (as in this case) disclaim as to all the lands sued for, and others as to part only, and plead not guilty as to the part disclaimed, the plaintiff has the option: (1) To take judgment against those disclaiming, as for want of plea, but not as for costs and damages, and a like judgment against the other defendants as to the part as for which they disclaim, and go to trial alone on the plea of not guilty; (2) to join issue on the pleas of disclaimer, and, if these pleas are disproved (which denies possession only), the plaintiff is entitled to a judgment for costs and damages, as well as possession. The record is silent as to which of the two courses the plaintiff pursued in this case, so far as any of the pleas of disclaimer are concerned. It merely recites that issue was joined on "defendants' plea of not guilty." Only one of the defendants interposed such a plea; hence this could not apply to those defendants who had not so pleaded, but had on the record pleaded a wholly inconsistent plea. The rule in cases like this seems to be that, if the record is silent as to whether issue was joined on the plea of disclaimer, it will be presumed that issue was taken thereon. Bailey v. Selden, 124 Ala. 407, 26 South. 909. The record here is not wholly silent on the subject, as it shows that issue was joined on the defendant's plea of not guilty. Applying the rule, "Expressio unius est exclusio alterius," it might follow that

the record here affirmatively shows that issue was not joined on the plea of disclaimer. Here, however, four of the defendants had no plea of not guilty; hence the record recital as to issue joined cannot apply to them, but only to the defendant who interposed such a plea. It is immaterial, however, which rule we here apply; the result necessarily works a reversal of the judgment. If issue was joined on the plea of disclaimer, the plaintiff was entitled to verdict thereon, because the undisputed evidence shows that the defendants disclaiming were in the possession of the lands sued for when the suit was brought and at the time of trial. The fact that they were claiming their right to the possession through the one defendant who pleaded not guilty would not and should not have prevented a verdict and judgment against them, because ejectment must be brought against those who are in the actual possession. There was no pleading or suggestion of landlord and tenant as is authorized or required by section 3844 of the Code. The tenant is not entitled to have his landlord made sole party defendant. McClendon v. Equitable Mortg. Co., 122 Ala. 384, 25 South. 30.

[7] On the other hand, if issue was not joined on the plea of disclaimer but it was confessed, the plaintiff was, of course, entitled to a verdict and judgment for the possession as against the four defendants.

[8] As to the plea of not guilty, the defendant J. B. Wainwright wholly failed to show title. If any of the defendants are shown to have acquired title by adverse possession, it was the father and mother, one or both, of J. B. Wainwright, who acquired it. J. B. Wainwright claimed under this title by a deed from his father and mother, and if he acquired no title by virtue of it, from his father and mother, he had none, because his claim of possession began after the statute requiring claims of adverse possession to be filed of record. The plaintiff objected to the deed from the father and mother being introduced in evidence, because the land was in the adverse possession of plaintiff at the time of its execution. This, however, is immaterial, because the deed purports to convey but two 40's of the lands sued for, and hence could not have passed title to the grantee as to any lands not described therein. It happens that the one 40 sued for, which is described in J. B. Wainwright's deed, is the 40 as to which he disclaims title.

It results that the judgment must be reversed, and the cause remanded for a new trial, so that the issues may be more clearly defined, and that the verdict and judgment may respond to the issues.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.