# Baker *v.* Flournoy and Wife.

*Action to Recover from Wife's Separate Estate, for Medical Services.*

1. *Wife's separate estate.*—The object of sections 2705 and 2706 of the Code of 1876 was to abrogate the common law which conferred upon a husband the ownership of his wife's personal estate, when not secured to her separate use, and of her real estate during their joint lives; and to preserve such property as the separate estate of the wife, with her husband as trustee without accountability for rents and profits, but with the intent that the family should, if necessary, be thereby supported.

2. *Same; liability for articles of comfort, &c., under* § 2711.—The statutes, §§ 2705, 2706, were not intended to operate on or make the husband manager of any other proper of the wife than that of which he would have become the owner by virtue of the marriage, but for such enactment. And it is only such property that, by section 2711 of the Code, is made liable for "articles of comfort and support of the household," &c.

3. *Same; estate in remainder, &c.; marital rights do not attach.*—At common law, the marital rights of the husband do not attach to realty in which the wife has only a remainder or reversion expectant upon the termination of a precedent life estate. And the same is not subject to the debts of the husband for necessaries, comforts, &c. (STONE, J., dissenting.)

APPEAL from the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

JOHN D. ROQUEMORE, for appellant.—1. The averments of the complaint clearly bring the estate sought to be charged, under the operations of Art. 3, Ch. 1, Title 5, Part 2d, of the Revised Code. Section 2371 of said article, declares *all* property of the wife, held by her previous to the marriage, or to which she may become entitled *after* the marriage, *in any manner*, to be her separate estate. There is no limitation as to the extent, quantity, or duration of the interest required. Whether it consists of a fee simple title to real estate, or a mere temporary interest in personalty, it is alike her *separate estate*, if acquired either as contemplated in section 2371, or section 2388, Rev. Code, and is subject to be made liable to the satisfaction of such demands as are specified in § 2376 Revised Code, which is also in article 3, above referred to.

2. It may be insisted by appellees that an estate, to be made liable under said article 3, must be one to which the

wife has legal title as well as possession. But such a construction would contradict the spirit of the statute. If the *title be vested* it matters not how small nor how large the estate, it is liable if the other conditions concur.—§ 2376, Revised Code.

3. A vested remainder may be sold and conveyed, or levied on under an execution, and why not become a married woman's separate statutory estate, and liable to the payment of such debts as are named in section 2376 of the Revised Code?

GOODE & TORREY, *contra.*—1. To sustain such an action as this, two things are requisite, namely : 1st, the *debt or liability* on which recovery is sought, must be of a specified character.—See Revised Code, § 2376, and, also, the analysis of Judge STONE in *Durden and Wife v. McWilliams & Smith,* 31 Ala. top page, 442; 2d, the *estate* of the *married woman* sought to be subjected, must be of a certain character.—See the opinion of Judge WALKER in the case of *Ravesies and Wife v. Stoddard & Co.* 32 Ala. 601 to 606.

2. Applying the most approved definition of a "remainder" to the estate of Mrs. Flournoy, described in the complaint, and the conclusion must be that the estate is a *vested remainder,* dependent upon the termination of the life estate in said property, and not subject under the Code to this action. Hence, the demurrer was properly sustained.

[The brief contains an elaborate and able argument reaching to the conclusions here noted.]

MANNING, J.—This action was brought by appellant for medical services rendered, and medicines furnished for the support and comfort of the household of defendants, S. J. Flournoy and Eliza Flournoy, his wife; and the complaint alleges, that at the time the debt was contracted, said Eliza J., was owner of an undivied one-seventh part of certain real estate, situated in Barbour county, and particularly described in the complaint, " said interest of said Eliza J. Flournoy being a vested remainder in said property after the termination of a life estate in the same to Sarah Toney, who is now in life."

A demurrer was sustained to the complaint upon the ground that an estate of which defendants had no present beneficial enjoyment, was not liable by virtue of the statute under which the suit was brought.

The question presented is a new one, and must be determined by a consideration of the enactment known as the " married woman's law," in connection with a doctrine of the common law relating to property so situated.

1. The language of the statute is: "All property of the wife, held by her previous to the marriage, or which she may become entitled to after the marriage, in any manner, is the separate estate of the wife, and is not subject to the payment of the debts of the husband."—Code of 1876, § 2705 (2371). "Property thus belonging to the wife, vests in the husband as her trustee, *who has the right to manage and control the same,* and is not required to account to the wife, her heirs, or legal representatives, for *the rents, income and profits thereof;* but such rents, income, and profits are not subject to the payment of the debts of the husband."—§ 2706 (2372). These are the two principal sections of the statute. Its object was to abrogate those provisions of the common law, which conferred upon a husband the ownership of his wife's personal estate, when not secured by some settlement to her separate use, and of her real estate during their joint lives— whereby such property might be subjected to the debts, or disposed of at the pleasure of the husband, and the wife be brought to want—and instead thereof, to preserve this property as the separate estate of the wife, while continuing in her husband the management of it as trustee, without accountability for the rents, issues and profits, but with the intent that the family should, if necessary, be thereby supported and maintained.

2-3. The statute was not intended to operate on, and make the husband manager of, any other property of the wife than that of which, but for this enactment, he might, by virtue of the marriage, have become the owner. Upon this principle it is, that the construction is established that prevents it from reaching property, real or personal, which, by the instrument through which it comes to the wife, is so secured to her, as to be put beyond the husband's marital power, as was said in *Short v. Battle,* (52 Ala. 465). "In the absence of the statute, if the husband did not renounce his marital rights, the property of the wife became the property of the husband. He had unqualified dominion over her personal property, and of her real estate, but a mere reversion was left in the wife or her heirs. Having title, it was subject to the payment of his debts, and he could alienate or devise it at pleasure. To take away these common law rights of the husband, and to define and regulate the manner in which the property of the wife should be held, *to which these rights would have attached,* was the only purpose of the statutes." And it is only this same property, that by section 2711 (2376), is made liable to be subjected to the payment for "articles of comfort and support of the household, . . . suitable to the degree and condition in life of the family," &c. Now, no

such common law rights of the husband attach to realty in which the wife has only a remainder or reversion, expectant upon the termination of a precedent life estate. The seisin and possession are in the person who has the freehold estate for life. And, "curtesy, like dower, can only be had of an estate in possession; that is, if the wife's estate is only in remainder or reversion, expectant on the termination of a life estate or other freehold, which is vested in some third person, the husband can not have curtesy, 'unless the particular estate be determined or ended during the coverture.'" 1 Bish. Law of Mar. Women, § 489; Co. Lit. 29a; *Bank v. Davis*, 31 Ala. 631; *Mackey v. Proctor*, 12 B. Monroe, 433; *Tayloe v. Gould*, 10 Barb. 400; *Blood v. Blood*, 23 Pick. 80; *Shoemaker v. Walker*, 2 Serg. & R. 554. By the common law, therefore, such a remainder in realty, as the estate of Mrs. Flournoy is alleged in the complaint to be, was not, nor was any interest therein, liable to be sold by the husband, or subject to his debts; nor could he take any management or control of the property, or derive any "rents, income or profits" from it, so long as the precedent life estate continued. Until that is ended, there is no such estate in the wife as requires the protection which the law in question was designed to give. A construction of it, that would bring property thus situated into a condition which might subject it to sale under very great disadvantages, for the payment of debts that are properly those of her husband, personally, would be giving to the statute an operation conflicting with the object of the legislature in enacting it, and is, therefore, inadmissible.

Let the judgment of the City Court be affirmed.

STONE, J., dissenting.