# Oates v. Beckworth *et al.*

### *Statutory Action of Ejectment.*

1. *Ejectment; there can be no recovery by one of several joint plaintiffs.*—In an action of ejectment by several parties as joint plaintiffs, there can be no recovery by one of the plaintiffs alone.

[Oates v. Beckworth *et al.*]

2. *Statute of limitations; patents to Government land.*—Where, after the entry of Government land the entryman sells his interest thereunder, and during his lifetime a patent to such land, which is held adversely to the patentee, is delivered, his death does not suspend the running of the statute of limitations as against his heirs, whether minors or not.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. M. E. MILLIGAN, Special Judge.

This was a statutory action of ejectment, brought by the appellees against the appellant. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff, to the rendition of which judgment the defendant duly excepted. The present appeal is prosecuted by the defendant, who assigns as error the rendition of the judgment in favor of the plaintiffs.

A. E. PACE, for appellant.—In ejectment or the statutory action, all of the plaintiffs must recover or none. *Whitlow v. Echols*, 78 Ala. 206.

The legal title passed out of the Government and into Thomas Beckworth the ancestor of the plaintiffs, on the day the same was executed, and the holding of Oates, was adverse as against him at least from that date, if not from the date that Whitehead, the grantor of Oates went on the land under his deed from said Beckworth, and the statute having begun to run against Beckworth, in his lifetime, there was no suspension as against his heirs on account of his death and their disability. *Daniel v. Day*, 51 Ala. 431; *Baker v. Barclift*, 76 Ala. 414; *Smith v. Roberts*, 62 Ala. 83; 13 Amer. & Eng. Encyc. of Law, 731.

T. J. COX, *contra.*

HEAD, J.—This record has its own peculiarities. Prompted by a paper found in the transcript which, until read and compared, we took to be a counter abstract, under the rule of practice, we went to the record itself for information. This paper (excepting a half dozen lines) refers alone to the bill of exceptions, and though filed as a counter abstract, it contains more than

[Oates v. Beckworth *et al.*]

twice as many words as the entire bill of exceptions. The whole bill could have been printed, in full, at less than one-half the cost. The appellant's abstract of the bill of excoptions is absolutely faultless—as perfect as an abstract can be made. The so-called counter abstract consists of repeated impeachments of the truth of the recitals of the bill of exceptions itself, a re-hash of the trial as it existed in the recollection of the attorney— totally variant from the bill of exceptions—and vituperation of appellant's counsel for his wrongs and omissions in the preparation of the record. The clerk will enter and execute an order striking and withdrawing the paper from the files of this court.

There are in the record two summonses and complaints, original in form, one issued September 2, and the other September 27, 1895. The first summons names the plaintiffs, thus: "Matilda E. Farmer, Mary E. Beckworth and Charity Kirkland, heirs of the estate of Thomas Beckworth, deceased." The complaint accompanying it is in favor of Susan Beckworth and the three persons above named, described as "heirs of Thomas Beckworth, deceased." The second summons (which was gotten up, perhaps, after a form in use in some other State, certainly not in Alabama) names as plaintiffs the three persons mentioned in the first summons, and describes them thus: "heirs of Thomas Beckworth, widow of Thomas Beckworth." The complaint is in favor of the same four persons named in the first complaint. The second complaint omits some of the land sued for in the first. It was not filed nor allowed as an amendment. The pleas were interposed to, "the complaint filed in said cause," the first plea being a disclaimer of possession of that part of the land which the second complaint omits. The only evidence as to who the plaintiffs were was the testimony of Susan Beckworth, "who said she was the wife of Thomas Beckworth, * * *, that Matilda aged 25, Charity aged 23, and Mary aged 21, the other plaintiffs, were the children of herself and Thomas Beckworth and his only heirs at law." As we have seen, according to the summonses, there were no other plaintiffs; according to the complaints, there was only one other—Susan Beckworth—who, we have no doubt, was, really, the widow herself. As this evidence is stated, however, Susan

[Oates v. Beckworth *et al.*]

Beckworth, who is named as a plaintiff, was the child of Susan Beckworth, the witness, and Thomas Beckworth, and his only heir at law. The judgment was entered in favor of Susan Beckworth alone, who, if she was really the widow of Thomas Beckworth, had not a shadow of title to the land.

The titles and possessions were as follows: Thomas Beckworth, by deposit in the general land office of the necessary certificate of the register of the land office, at Montgomery, established and consummated his claim to the lands, under the act of Congress of 1862, securing homesteads to actual settlers on the public domain. He made his proof in 1878. On March 5, 1870, he and his wife executed a deed to the lands to William Whitehead, who, at once, went into actual possession under his purchase, and remained therein until January 10, 1878, when he and his wife conveyed by deed to the defendant, Oates, who at once went into, and continued in actual, adverse possession until this suit was brought. Thomas Beckworth died in June, 1880. The United States issued a patent to the lands to said Thomas Beckworth, bearing date February 20, 1880, which was introduced in evidence by the plaintiffs. It has this statement, after the signature of the president: "S. W. Clark, Recorder of the General Land Office. Recorded Vol. 3, page 95." The widow testified: "The patent to the land was not received by said Thomas in his lifetime, but was received by her after his death." Whether it had been otherwise efficaciously delivered to Thomas Beckworth does not appear. The widow may have received it from the Recorder's office where it may have been filed for record before the death of Thomas Beckworth. The plaintiffs have left the matter in utter uncertainty. Nor does it appear how long after the death of Thomas, the widow received it. We must in this state of the record, accord to it, at least, as early an issuance as the day after his death. Doing so, we find the title passed out of the government in June, 1880. As the case now appears, it is immaterial whether the title vested, by the patent, in the heirs of Beckworth or not. If the plaintiff, Susan, be regarded as the only heir, and the only party who recovered in the court below, the judgment was wrong for the reasons, viz.: she could not recover alone in a joint suit with others, and she was

barred by the statute of limitations of ten years, there being no proof of her age. If the four plaintiffs are regarded as heirs and the recovery was by all of them, the said Susan and Matilda were barred by the statute. If there was, in legal effect, a delivery of the patent to Thomas Beckworth in his lifetime, all are barred, for the reason that the statute began to run against him in his lifetime, and his death did not suspend it in favor of his heirs, whether minors or not.

The reference in the bill of exceptions to some prior suit is too indefinite and meaningless to be acted upon.

Reversed and remanded.