[Drake *et al* v. Sewell *et al.*]

# Dake *et al. v.* Sewell *et al.*

## *Ejectment.*

(DECIDED JUNE 30, 1905, 39 So. REP. 819.)

1. *Homestead; Setting Apart to Widow; When Allowed.*—It is only when decedent owned at the time of his death not exceeding the homestead exemption that the statutes permitting a selection by the widow, and authorizing the homestead to be set apart before administration, are applicable.

2. *Same; Dower; Reduction of Acreage.*—A claim of dower by the widow whereby the acreage was reduced to within 160 acres, does not authorize a setting apart of the homestead of the widow before administration.

3. *Ejectment; Making Landlord a Party.*—Where a person is made a party defendant as landlord on motion of defendant, under § 1534, Code 1896, it is not error to deny a motion at a subsequent term to make another person a party defendant as landlord.

4. *Ejectment; Recovery; Parties Plaintiff.*—In an action of ejectment brought by several paintiffs, all must be entitled to recover or none can.

5. *Curtesy; Property Subject.*—Under our statutes, § 2534, Code 1896, a husband takes a life estate by curtesy in the real estate inherited by his deceased wife from her father's estate, with a remainder in her children, and until the falling in of the life estate, the children cannot maintain ejectment for the land.

APPEAL from Cherokee Circuit Court.

Heard before Hon. J. A. BILBRO.

J. A. Sewell died seized and possessed of 235 acres of land of value more than two thousand dollars. The widow had dower assigned in the land and it being reduced to 160 acres,, petitioned the probate court to set the remainder apart for a homestead. There was no administration on the estate. The court granted the petition of the widow and set the remainder of the land after the dower interest had been carved out apart as a homestead to the widow and minor child. Several of the

children filed suit against the tenants of the widow for the recovery of possession of their part of the land. The children of the daughters of J. A. Sewell, and not the husbands of such daughters were joined as parties plaintiff. It was shown that the daughters whose children joined as parties plaintiff had died since the death of J. A. Sewell. It was further shown that Dot Sewell was living with her mother on the homestead at the time of its lease to the tenants who were sued in this action and motion was made to have her come in and made party defendant as landlord together with the widow. This motion came from the defendant and was overruled. The defendant also moved to srike from the complaint as parties plaintiff the names of the children of the daughters of J. A. Sewell who died subsequent to Sewell, which motion was also denied. The other facts sufficiently appear in the opinion of the court.

BURNETT, HOOD & MURPHREE, for appellant.—Homestead laws are to be liberally construed and where an administration is useless none will be required.—*Jackson v. Wilson*, 117 Ala. 435; *James v. Clark*, 89 Ala. 606; *Garland v. Bostwick*, 118 Ala. 214; *Newell v. Jones*, 128 Ala. 588. Section 2097 of the Code is not to be construed as applying to cases only where the area is less than 160 acres and of less value than two thousand dollars. The order of the probate court judicially ascertained and determined the value and area of the land and is conclusive, and this proceedings is a collateral attack of that order and judgment. In any event, the widow and minor children were entitled to the use and benefit of the land until the homestead was set apart.—Sections 2069-2076; *Silloway v. Brown*, 12 Allen (Mass.) 33; *Montague v. Self*, 106 Ill. 57.

MATTHEWS, MARTIN & MATTHEWS, for appellee.—After allotment of dower to the widow, she could not hold said lands by virtue of any quarantine right.—*Inge v.*

*Murphy,* 14 Ala. ____; *Oakly v. Oakly,* 30 Ala. 131; *Barber v. Williams,* 74 Ala. 331; *Norton v. Norton,* 94 Ala. 481. The rental by the widow of said land and moving off without having the homestead set apart was a forfeiture of it.—*Barber v. Williams, supra; Banks v. Speers,* 97 Ala. 560; *James v. Clark,* 89 Ala. 606; *Gamble v. Kellum,* 97 Ala. 677; *Garland v. Bostwick,* 118 Ala. 209; *Miller v. Marx,* 55 Ala. 322. The husbands of the daughters of Sewell who died after he did, are not tenants by curtisy, the wives never having any seizin or possession of the land.—12 Cyc. p. 1019; *Smott, et al. v. Leeatt,* 1 Stew. Smith's Condensed Reports, Vol. 1, p. 554; *Carpenter v. Garrett,* 75 Va. 129.

ANDERSON, J.—The husband, J. A. Sewell, being the owner at the time of his death of 235 acres of land and over $2,000 in value, the widow could acquire no title to it as a homestead, unless it be set apart to her in the course of administration upon her husband's estate, and the probate court was without jurisdiction to decree her the homestead before administration.—*Brooks v. Johns,* 119 Ala. 412, 24 South. 345; *Chamblee v. Cole,* 128 Ala. 649, 30 South. 630. . The statutes permitting a selection by the widow or authorizing the homestead to be set apart before administration are only applicable when decedent owned not exceeding the exemption at the time of his death. The fact that the widow claimed dower and reduced the acreage under 160 acres did not give her the right to the homestead without administration. The law dispenses with an administration only in case the property owned at the time of the husband's death does not exceed the exemption, not in case it is reduced by some act of the widow subsequent to his death. The trial court properly excluded all the records from the probate court to establish the homestead, as the proceedings were void; the court being without jurisdiction to set it apart before administration upon the husband's estate.

It was probably immaterial to show the value of the 159 acres by the plaintiffs, but these defendants cannot

complain, as they attempted to show that an administration was unnecessary, because the acreage had been reduced by the claim of dower to less than the number of acres exempt; and plaintiffs simply showed that such a contention could not avail the defendants, because the land was worth over $2,000 with the dower taken from it. Such not only seems to have been the attitude of the defendants in the court below, but their counsel are insistent on the point in the brief filed in this court.

Section 1534 of the Code of 1896 provides that "when the suit is against tenant the landlord must be made a party defendant to the suit upon the motion of the defendant," etc. It appears that at the first term of court Hannah R. Sewell, the landlord, was made party defendant upon a motion of the tenants and the case was continued. At a subsequent term, and after the plaintiffs had introduced their evidence, the defendants other than Hannah R. Sewell moved to make "Dot Sewell" a party defendant, and assign as error the action of the court in refusing to grant the motion. We do not think the ruling of the court on this point should be reversed. The defendants had named their landlord in the former motion, which had been granted, and should not be permitted to complain because they did not know their landlord when the first motion was made. Trial courts would experience great difficulty in trying an action of ejectment if this court should reverse them because the defendants would happen to think of a new landlord at each subsequent term of the court and seek to make him a party.

The mother of the Byron children and of Anna Curtis each having died subsequent to their father, their respective husbands took a life estate to their part of the property, and the children do not take until the death of their father, and could not maintain this suit.—Code, 1896, § 2534. Upon the death of the wife leaving land as a part of her separate estate, the husband takes a life estate in it all, unless he has been divested of all control over it by a decree of the chancery court. The statute on this subject is plain and unambiguous, "and under

it the husband takes as distributee in all the transmissible estate of which the wife died the owner, whether in possession or not."—*Thompson v. Thompson*, 107 Ala. 163, 18 South. 247; *Marshall v. Crow's Admr.*, 29 Ala. 280. This doctrine is not in conflict in the slightest with what was said in the case of *Nicrosi v. Phillippi*, 91 Ala. 299, 8 South. 561. In that case the muniment under which the wife held title excluded all the marital rights of the husband. In this case the wives inherited from their father, and the statute gave their respective husbands a life estate in the land.

In actions of ejectment, all the plaintiffs must recover, or none can recover.—*Oates v. Beckworth*, 112 Ala. 359, 20 South. 399; *Whitlow v. Echols*, 78 Ala. 206; *Seelye v. Smith*, 85 Ala. 25, 4 South. 664. As the Byrom children and Anna Curtis etsablished no title upon which they could recover the land, none of the plaintiffs could; and this without respect to the validity of their title, and the affirmative charge should have been given for the defendants. Reversed and remanded.

McCLELLAN, C. J., and TYSON and SIMPSON, JJ., concur.