[Knight, et al. v. Hunter, et al.]

# Knight, *et al. v.* Hunter, *et al.*

## *Ejectment.*

(Decided April 14, 1908. 46 South. 235.)

1. *Adverse Possession; Tax Certificate; Purchase; Evidence.*— Under section 1541, Code 1896, the claimant of land may have a bona fide claim of purchaser without color of title, and a tax receipt or certificate of purchase, even if not color of title, is admissible to show the character of defendant's possession, and to relieve them from filing the notice required by the above section.

2. *Same; Evidence; Claim of Title Thereto; Notice.*—One claiming lands under a bona fide claim of inheritance may introduce evidence of acts of adverse possession done after the passage of the act constituting section 1541, Code 1896, without having filed notice of claim under such section.

3. *Same; Payment of Taxes; Assessment; Evidence.*—Where defendants claim by adverse possession, they may show the assessment of taxes against them on the land, in conection with other evidence of actual possession, to show claim of ownership and extent of possession, but not to show possession

4. *Evidence; Declarations Against Interest.*—Where defendant claimed by adverse possession from H. by inheritance, and introduced evidence of H.'s possession for twenty years before his death, declarations made by H. before his death as to his efforts to buy the land, and as to whether he was on the land at the time are admissible as declarations against interest tending to disprove his possession and admissible as such.

5. *Adverse Possession; Evidence; Jury Question; Sufficiency of Possession.*—Where the evidence tended to show that the ancestor of plaintiff was in possession of certain parts of the land claimed and remained on it until his death, although plaintiff showed no paper title to that part of the land, it was a question for the jury as to whether defendant's possession was so actually adverse and exclusive as to establish title to that part as against plaintiff

6. *Same; Payment of Taxes.*—Although there was evidence tending to show that defendants and their predecessors had been in actual possession of part of the land, claiming as their own for more than ten years, and had listed all the lands for taxes during that time, the payment of the taxes on the whole tract is not conclusive of defendant's possession of the entire tract

7. *Ejectment; Judgment; Recovery.*—Each plaintiff must be entitled to recover or none of them can recover in ejectment.

8. *Adverse Possession; Elements.*—One holding the open, notorious, continuous and adverse possession of land under claim of ownership for more than ten years, is entitled to recover therefor.

[Knight, et al. v. Hunter, et al.]

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by William F. Knight and others against R. H. M. Hunter and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Ejectment for 120 acres of land. The plaintiffs sue as heirs at law of William H. Wood, deceased, while defendants claim under one R. S. M. Hunter. The facts are sufficiently stated in the opinion of the court. The following charges were given for the defendants: "(2) In this case the court charges the jury that all the plaintiffs must recover, or none can recover. (3) Unless each one of the plaintiffs is entitled to recover, none can recover." "(8) If the jury believe from the evidence in this case that the defendants and those under whom they hold title have been in the open, notorious, continuous, adverse possession of the land sued for under claim of ownership for more than ten years next before the bringing of this suit, the defendants would be entitled to recover. (9) If the jury believe from the evidence that on or about the 6th day of February, 1868, R. S. M. Hunter took possession of the lands sued for under claim of ownership, and held the quiet, peaceable, undisturbed possession thereof until his death, and that on his death these defendants immediately went into possession of said land, and held the quiet, peaceable, undisturbed possession thereof until the bringing of this suit, the plaintiffs would not be entitled to recover. (10) If the jury find from the evidence that the defendants and those under whom they hold have been in the actual possession of a part of the lands sued for for more than 10 consecutive years, and have for that period or term listed the whole of the lands for taxation, then the defendants would be entitled to recover. (11) Under the evidence in this case the plaintiffs cannot recover the S. E. ¼ of the S. W. ¼ and the S. W. ¼ of the S. E. ¼ of section 15, township 20, range 10."

[Knight, et al. v. Hunter, et al.]

STELL BLAKE, for appellant. The notice not having been filed as required by section 1541, Code 1896, a tax certificate standing alone is not admissible for the purpose offered.—*N. C. & St. L. Ry. Co. v. Mathis*, 109 Ala. 377. For the nature of the right acquired at a tax sale before execution of deed, see.—*Costly v. Allen*, 56 Ala. 198; *Hibbard v. Brown*, 51 Ala. 469; 25 A. & E. Ency of Law, 716. A tax certificate is not color of title.—*Harold v. Enterprise S. B.* 56 N. E. 63; *McKeigham v. Hopkins*, 15 N. W. 711. A purchaser at tax sale is not a bona fide purchaser.—*Keith v. McLaughlin*, 114 Ala. 60; 1 Words & Phrases, 828. The books of assessments should not have been admitted.—*Balkem, et al. v. George*, 65 Ala. 269; *Chastang v. Chastang*, 141 Ala. 461. Evidence should have been admitted to show recognition by Hunter of title of Wood.—10 Cyc. 1033. Charge 10 was erroneous.—*Balkam v. George, supra.* Charge 11 was erroneous.—*L. & N. R. R. Co. v. Philyaw*, 88 Ala. 269.

SAMFORD & DUKE, for appellee. On a demise laid in the heirs of the grantee it must appear either that such persons are the only heirs or it must be made to appear how many heirs there are.—63 Ga. 470; 58 Ga. 259; 75 Md. 376; 2 A. & E. Ency of Law, 518; 15 Cyc. 118. Where plaintiff fails to make out a prima facie case, error in other rulings will not work a reversal.—*England v. Hatch*, 80 Ala. 249. One entering into the possession of land before the delivery of the tax deed and bona fide claiming possession his possession is adverse from its inception.—*Ladd v. DuBroca*, 61 Ala. 25 Charges 10 and 11 are correct.—*Oates v. Beckworth*, 112 Ala. 359; *Seelye v. Smith*, 85 Ala. 25; *Whitlow v. Echols*, 78 Ala. 206.

[Knight, et al. v. Hunter, et al.]

ANDERSON, J.—Section 1541 of the Code of 1896 requires the filing of a notice in the probate office of an adverse claim to land by one who is in possession as a trespasser or mere squatter, as contradistinguished from one in possession with color of title or bona fide claim of inheritance or of purchase. One can therefore have a bona fide claim of purchase without having color of title; and, conceding that the tax certificate was not color of title, the trial court properly admitted it in evidence for the purpose of showing the character of possession by the ancestor of defendants, and to relieve them from having filed the notice as required by section 1541 in order to claim the land adversely after 1893.— *N. & C. R. R. v. Mathis,* 109 Ala. 381, 19 South. 384; *Ladd v. Dubroca,* 61 Ala. 25. Nor was there error in permitting the defendants to introduce evidence of adverse possession subsequent to the act of 1893 (Laws 1893, p. 478), because notice of their claim had not been filed in the probate office. The defendants had the right to show the assessment of the land for taxes, not to show possession of same, but to be taken in connection with the evidence of actual possession to show claim of ownership and the extent of the possession.—*Chastang v. Chastang,* 141 Ala. 461, 37 South. 799, 109 Am. St. Rep. 45; *Jay v. Stein* 49 Ala. 521.

The trial court erred in not permitting the plaintiffs to prove acts and declarations on the part of R. S. M. Hunter against his claim or possession, such as his effort to buy the land, etc., from Wood, before his death, whether he was on the land at the time or not. It was a declaration against interest. The defendants were claiming under said Hunter, and had offered proof of his possession and claim from 1868 to the time of his death in 1888.

16 C

The court erred in giving charge 11, requested by the defendants. It is true the plaintiffs showed no paper title, except as to 40 acres of the land; but there was evidence that William H. Wood went into the possession of all the land in suit and remained on it until his death. This would give his heirs the right to recover as against those of a subsequent possession and who had no paper title or title by adverse possession.—*Jackson Lumber Co. v. McCreary* 148 Ala. 247, 41 South. 822; *L. & N. R. R. Co. v. Philyaw,* 88 Ala. 269, 6 South. 837. It was for the jury to determine whether or not the defendants' possession was so actual, adverse, and exclusive as to establish title in themselves so as to defeat the plaintiffs' recovery.

Charge 10, given at the defendants' request, was bad, and should have been refused. It is true the payment of taxes upon all the land while in actual possession of a part was an evidential fact to be considered by the jury, with all the other evidence, to show claim of ownership and the extent of possession, but was not conclusive on them that defendants' possession extended to the entire tract.

There was no error in giving the other charges requested by the defendants.

Counsel for appellees insist that this case should be affirmed, because the plaintiffs failed to make out a prima facie case, and that the errors complained of could not be harmful to them. We cannot agree, as matter of law, that the plaintiffs did not show a definite, recoverable interest in the land. It is true the proof could have been more positive and definite that Wood left no descendants; but the proof at least created an inference for the jury that they were the heirs of said Wood and what their respective interest in the land was.

[Stodenmeyer v. Hart.]

For the errors above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.