# Salter *v.* Fox, *et al.*

## *Ejectment.*

(Decided January 14, 1915. 67 South. 1006.)

1. *Ejectment; Ground of Action; Possession.*—Where the action was by the husband and the wife, and it appeared that the wife only was entitled to the possession of the land, the defendant was entitled to the general charge as requested; ejectment being a possessory action, the right to possession at the time the suit is instituted by co-plaintiffs must be in all of them, and this rule has not been changed by section 3839, Code 1907.

2. *Adverse Possession; Instructions.*—Where the action was ejectment, an instruction that if the defendant had had possession of the land in controversy for a period of ten years or more, then the verdict should be for defendant was properly refused, as its conclusion was predicated on bare possession, and not on adverse possession.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Ejectment by G. W. and Nancy Fox against J. M. Salter. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

The first deed exhibited was that of William Vines and others to Nancy Fox, executed December 27, 1890, acknowledged and recorded, and filed for record. The second deed was that of Nancy Fox and G. W. Fox to Fulton Snow, to become his at the death of the grantee, Nancy Fox, executed December 9, 1905. The next deed was from Fulton Snow and wife to G. W. Fox, in warranty executed February 10, 1906. It appears from the record that the controversy was over a piece of land between the land sued for and the land deeded by G. W. and Nancy Fox to James Salter on December 27, 1890, and by James Salter and wife to J. M. Salter on October 24, 1899, which the Salters claim to have held by adverse possession. The court refused the following charge to defendant:

"(2) The court charges the jury that if you believe from the evidence in this case that defendant has had the piece of land in controversy in this case in his possession under his fence for a period of 14 years or exceeding 10 years, then your verdict must be for defendant."

PINKEY SCOTT, for appellant.

GOODWYN & ROSS, for appellee.

McCLELLAN, J.—(1) Statutory ejectment, by appellees against appellant. The deed from Nancy Fox and her husband, G. W. Fox, to Fulton Snow, of date December 9, 1904, effected to reserve in Nancy Fox the use and enjoyment, *the possession,* of the land during her life, thereby postponing the right to *possession* of the land until her death.—*Abney v. Moore,* 106 Ala. 131, 135, 18 South. 60. In consequence, the conveyance of Fulton Snow and wife to G. W. Fox, of date February 10, 1906, operated to vest the title in G. W. Fox, subject to the stated reservation of possession in Nancy Fox. In order for a plaintiff to prevail in ejectment the right to the possession, at the time suit was instituted, must be in the plaintiff. Ejectment is a possessory action. Where two or more plaintiffs seek the recovery of the possession of lands, all must be entitled to recover, else none can recover.—*Whitlow v. Echols,* 78 Ala. 206, 211; *Dake v. Sewell,* 145 Ala. 581, 585, 39 South. 819. G. W. Fox was without right to the possession of the land in suit; that right being in his co-plaintiff only. Hence, G. W. Fox was not entitled to recover; and he, being due to fail, the defendant was entitled to the general affirmative charge requested by and refused to him. Section 3839 of the Code of 1907 has not changed the rules to which we have adverted. There is nothing in that stat-

ute disclosing a legislative intent to allow persons not entitled to the possession to recover in ejectment or to permit some, less than all, of the plaintiffs to prevail. The effect of the statute amended in the codification of 1907 is illustrated in the cases of *Grant v. Nations,* 172 Ala. 83, 55 South. 310, and *Nichols v. Nichols,* 179 Ala. 611, 60 South. 855, among others.

There is no merit in the other errors assigned and urged in brief for appellant.

(2) Charge 2 was patently faulty, in that the conclusion thereof was predicated of a mere possession, not an *adverse* possession.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.