# Jenkins, *et al. v.* Woodward Iron Co.

## Bill to Declare Interest in Land.

(Decided June 3, 1915.   Rehearing denied June 30, 1915.
69 South. 646.)

1. *Remainder; Title to Realty; Adequacy of Legal Remedy.*—Where the mother of complainant had owned a remainder interest in the land, and the life tenant had conveyed a fee therein to respondent, and complainant's mother left surviving her a husband, upon her death the husband acquired a statutory life estate in the nature of curtesy, and pending its continuance complainant, heirs of the remainderman, had only an estate in remainder; hence, they could not test their title by an action at law to recover possession of the land, but could maintain a bill to have the title and interest declared as against the claim of respondent.

2. *Same; Action by; Accrual of Action.*—Where the mother of complainant owned a remainder in the land and died leaving a husband, the husband acquired a statutory life estate in the nature of curtesy, and the complainant, heirs of the remaindermen, could not test their title by action at law to recover possession of land, and therefore, the ten years statute of limitation had no operation against them from the date of their mother's death.

3. *Deeds; Sufficiency; Description.*—Where a deed conveyed land by numbers only and did not designate the county or the state, but the grantor owned and was in possession of lands in Jefferson county, Alabama, described by such numbers, and did not own other lands so described, the identification was sufficient to uphold the validity of the conveyance of the lands in Jefferson county.

4. *Same; Present Conveyance; Reservation.*—Where a deed was in the usual form of bargain and sale with a habendum clause stipulating that the deed should not become operative until the death of the grantors, but that the grantors should remain in possession until their death, and upon the happening of such event, the grantee should take the lands into their possession and control, the deed was a valid conveyance as operating in præsenti to the grantee with the reservation of possession only to the grantors during their lives.

5. *Curtesy; Common Law Estate.*—Prior to the adoption of section 1990, Code 1852, the husband's interest in the deceased wife's separate estate was at common law by a curtesy, to which the wife's seisin in fact or law during coveture was a necessary incident.

6. *Same.*—By section 1990, and section 1982, Code 1852, (Section 3765, Code 1907) the common law estate by curtesy was abolished, and in its place a statutory estate in the nature of curtesy was established free of the conditions of seisin and the birth of issue alive, upon which depended the common law estate; the term

"separate estate" including all transmissible property, whether or not in possession, and including an estate in remainder which is an "hereditary estate."

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Letty Jenkins and others, against the Woodward Iron Company to have the title and interest of complainants declared as against the claims of respondent. Decree for respondents and complainants appeal. Reversed and rendered.

A. & F. B. LATADY, for appellants.

V. J. NESBITT, for appellee.

SOMERVILLE, J.—The bill of complaint shows that complainants' mother owned a remainder interest in the land in suit, to become vested in her or her heirs upon the death of her father, the life tenant. The said mother died in 1881, leaving a husband, who still survives. Her said father died in 1890. The bill is filed by complainants, as heirs of their mother, against respondent, who is in possession of the land as grantee by mesne conveyances of a fee-simple estate from their grandfather, the said life tenant; and its purpose is to have the title and interest of complainants declared as against the claim of respondent.

(1, 2) Complainants base the equity of their bill upon the theory that, upon the death of their mother in 1881, their father acquired a statutory estate in the nature of curtesy, which left to complainants only an estate in remainder; and hence, pending this life estate in their father, they have been and still are unable to test their title by an action at law to recover possession of the land. We think this view of the case is correct, and must

result in affirming the equity of the bill, and also in refuting the validity of that ground of the demurrer based on the supposed operation of the statute of limitations of 10 years.—*Dake v. Sewell,* 145 Ala. 581, 39 South. 819; *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73; *Lansden v. Bone,* 90 Ala. 446, 8 South. 65; *Worthington v. Miller,* 134 Ala. 420, 32 South. 748.

(3) The case of complainants rests, of course, on their mother's acquisition of title from her father, and this depends upon the sufficiency of the conveyance she received from him. Its sufficiency is attacked by several of the grounds of demurrer, which we must hold are without merit.

(1) It is true the deed in question conveys the land by numbers merely, without designating either county or state. But the bill of complaint shows that the grantee at that time owned and was in possession of lands in Jefferson county, Ala., described by these identical numbers; and, it not appearing that he then owned other lands described by these numbers, the identification is sufficient, and the conveyance will be pronounced valid.—*Chambers v. Ringstaff,* 69 Ala. 140. And this results without the aid of judicial notice of the location of land of corresponding numbers in the government survey of the state.

[4] (2) The conveyance is in the usual form of bargain and sale, with habendum, and it stipulates: "That said deed is not to become operative until the death of the grantors, but the grantors are to retain the possession * * * until their death, at which time the parties or their heirs are to take the * * * land into their possession and control."

This was clearly a deed of present conveyance to the grantee, with reservation of possession only in the gran-

tors during their lives.—*Phillips v. Phillips*, 186 Ala. 545, 65 South. 49.

It results that the demurrer was not well grounded, and should have been overruled.

(5) We presume that the learned chancellor may have ruled against the equity of the bill upon the theory that for want of seisin in the wife during coverture, her estate being in remainder, the husband's marital estate never attached, and hence that complainants were invested with the full legal title of their mother upon her death, with the right to sue at law upon the termination of their grandfather's life estate. Prior to our statute (Code 1852, § 1990; Code 1907, § 3765), the husband's interest being the common-law estate by the curtesy, the wife's seisin in fact or in law during the coverture was a necessary incident to that estate.—*Bank v. Davis*, 31 Ala. 631; *Baker v. Flournoy*, 58 Ala. 650; *Carrington v. Richardson*, 79 Ala. 101.

(6) By the Code of 1852 (section 1990) it was provided that: "If a married woman having a separate estate, die intestate, leaving a husband living, he is entitled to one-half of the personalty. * * * absolutely, and to the use of the realty during his life."

Her separate estate was defined as: "All property of the wife, held by her previous to the marriage, or which she may become entitled to after the marriage, in any manner."—Code 1852, § 1982.

These provisions have remained unchanged, and, when construed in connection with her power to dispose of her estate by will, it seems clear that, as to the wife's separate estate, the common-law estate by the curtesy was abolished, and that for it was established a statutory estate in the nature of curtesy, freed from the conditions of seisin and issue born alive, upon which the com-

mon-law estate depended. The term "separate estate"
manifestly includes all transmissible property, whether
in possession or not (*Marshall v. Crow's Adm'r*, 29 Ala.
278; *Thompson v. Thompson*, 107 Ala. 163, 166, 18
South. 247; *Dake v. Sewell*, 145 Ala. 581, 39 South.
819) ; and an estate in remainder is of course an hered-
itary estate.

A well-reasoned case giving this effect to statutes
substantially like ours will be found in *Snyder v. Jones*,
99 Md. 693, 59 Atl. 118. Said the court, per McSherry,
C. J.: "A vested fee-simple estate in remainder, the
title to which she [the wife] held, was real property 'be-
longing' to her, notwithstanding an intervening life ten-
ancy deferred her actual possession of it. It was an
estate which she could devise, and which, if she died in-
testate, would descend to her heirs at law. But, further
than that, the statute declared without qualification that
if a married woman, to whom real property 'belonged,'
died intestate, her husband should have a life estate in
that property which thus belonged to her. There was no
provision that she should be seised in deed, or that she
should have a life estate in that property which thus be-
longed to her. There was no provision that she should
be seised in deed, or that she should have had issue born
alive during coverture, to entitle the husband to a life
estate. The property, real and personal, belonging to a
woman at the time of her marriage, is a universal prop-
osition or declaration, and must, according to well-un-
derstood methods of reasoning, be taken in its widest
sense, and therefore must be held to exclude every qual-
ification, restriction, or exception. It  *  *  *  in-
cludes a vested remainder in fee, as well as a fee-simple
estate in possession, because the former is just as cer-
tainly property belonging to a married woman as is the
latter, though the one differs from the other only in the

single circumstance, not of ownership, but of possession."

The decree of the chancery court will be reversed, and a decree will be here rendered, overruling the demurrer to the bill.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.