# Haley v. Miller, *et al.*

## *Ejectment.*

(Decided June 30, 1915.  69 South. 564.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the witness subsequently testified fully as to the matter involved, the previous exclusion of such evidence is rendered harmless.  ·

2. *Evidence; Declaration; Ownership.*—Where the defense of adverse possession is set up to an action in ejectment, the expressions of a witness under whom the plaintiff claimed, but who was defendant's tenant, as to his ownership of the land, were properly excluded when not brought to the knowledge of the true owner.

[Haley v. Miller, et al.]

3. *Appeal and Error; Harmless Error; Evidence.*—Where a witness subsequently testified as to who had laid out a town site, the previous exclusion of such evidence is harmless.

4. *Ejectment; Evidence.*—Where the action was ejectment, the fact that the party under whom the plaintiff claimed, but who had no color of title, had undertaken to convey to another a part of the premises other than that in controversy, was immaterial.

5. *Same; Burden of Proof.*—In ejectment a plaintiff must recover upon the strength of his own title, and not on the weakness of that of his adversary.

APPEAL from Winston Circuit Court.

Heard before Hon. W. B. BANKHEAD, Special Judge

Ejectment by C. D. Haley against W. N. Miller and others. Judgment for defendants and plaintiff appeals. Affirmed.

TRAVIS WILLIAMS, for appellant.

RAY & COONER, and MAYHALL & STAGNER, for appellee.

SAYRE, J.—This was an action of ejectment by appellant against appellees. Appellees showed the better paper title. Appellant depended upon his showing of a title by the adverse possession of himself and those under whom he claimed. His complaint, stated in the most general way, now is that he was prejudiced by the exclusion of evidence which would have tended to sustain his claim of an adverse holding. It is extremely doubtful that any of the rulings are presented in a way that entitles them to consideration.—*Syllacauga Land Co. v. Hendrix,* 103 Ala. 259, 15 South. 594; *Henry v. Hall,* 106, Ala. 84, 17 South. 187, 54 Am. St. Rep. 22; *L. & N. R. R. Co. v. Morgan,* 114 Ala. 456, 22 South. 20; *Southern Ry. v. Cunningham,* 112 Ala. 496, 20 South. 639; *Kenan v. Lindsay,* 127 Ala. 270, 28 South. 570. However, we have examined the record without finding reversible error.

[Haley v. Miller, et al.]

(1)   Objections were sustained to some questions put to the first. witness, with a view to showing the possession of Charles Miller, under whom appellant claimed; these rulings on the ground, probably, that the questions did not sufficiently locate and describe the land inquired about.   Whether these questions were objectionable or not, there was no reversible error, for this witness and others, including William Miller, in the further course of the trial testified fully as to Charles Miller's possession during his life.   It was not, in fact, disputed at any point.

(2)   Some declarations by Charles Miller, tending to show the character of his possession, were excluded. Appellant admitted in open court that Hanna Davis, under whose deed appellee William Miller claimed, had title.   It was also shown without dispute that Charles Miller was put in possession as the tenant of appellee Miller, his son, who thereby furnished his father a home during the last years of his life.   Under these circumstances his vague expressions of ownership were of no probative force as against appellees—appellee Finley seems to have been sued as the tenant of William Miller—unless brought to the knowledge of the then true owner.

(3)   Quite a number of the assignments of error are based upon the exclusion of testimony which went to show that during the life of Charles Miller a town site was laid off which included the land in controversy. We are led to infer that this testimony was excluded on the idea that at the time it was offered there was no competent evidence that Charles Miller had procured the work to be done.   However, at a later stage appellee testified that it was done on the procurement of his father.   There was, in fact, no dispute about it.

[Haley v. Miller, et al.]

(4)   The fact that Charles Miller, who had no color of title to the property, on divers occasions undertook to convey parts of the tract belonging to his son, other than the part in controversy, had no tendency to prove his title to the last-named part.

(5)   After the death of Charles Miller, appellee, as administrator, procured proceedings and gave testimony in the probate and circuit courts in respect to a certain part of the tract he had purchased from Hanna Davis—not including, however, a 20-acre tract which itself included the land in suit—as if it had descended from said deceased to him and other named persons, whom we take to be his brothers and sisters. He gave his reasons for this; but, apart from them, these proceedings and appellee's testimony in the course of them did not serve to put the title to the lands in suit out of him or into appellant. Appellant could recover on the strength of his own title only; he could not recover on the weakness of appellee's.

We have thus considered all those assignments of error that are mentioned in the brief.

Appellant suggests in his brief that appellee had destroyed deeds to his father and was taking advantage of the fact that appellant could not prove them, because the record of them had been destroyed when the county courthouse was burned. A sufficient answer to these suggestions is that there is not a particle of evidence in the record to sustain them, nor that Charles Miller, the father, had ever had a deed to the property.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.