(75 South. 924)

LANGLEY et al. v. SHANKS et al.
(5 Div. 616.)

(Supreme Court of Alabama. May 17, 1917.)

1. JUDGMENT ☞235—EJECTMENT—NECESSITY OF RECOVERY BY ALL PLAINTIFFS.

. In ejectment all of the plaintiffs must recover or none can recover.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 414, 429.]

2. EVIDENCE ☞478(1) — OPINION — MENTAL CONDITION.

In ejectment, testimony showing mental status and physical condition of grantor of deed in question was admissible, providing the witnesses were shown to be qualified to form and express such opinions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2242.]

3. DEEDS ☞78—VALIDITY—QUESTION FOR JURY—GRANTOR'S CAPACITY.

In ejectment the question of the mental capacity vel non of grantor of a deed in question was for the jury.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 648.]

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Ejectment by Augusta Shanks and others against A. J. Langley and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

R. J. Hooten, of Roanoke, for appellants. G. B. Walker, of Roanoke, and Strother, Hines & Fuller, of La Fayette, for appellees.

McCLELLAN, J. [1] This action in statutory ejectment was instituted by the following as plaintiffs: Mrs. Augusta Shanks, Mary Langley, Sallie Rawlins, Thomas Lovett, Frank Lovett, Richard Lovett, Anna G. Lovett, D. W. Lovett, T. C. Lovett, Luna Gee, Jack Lovett, and Ruth Lovett. The defendants were A. J. Langley, Mrs. B. E. Thompson, and Lewis Brandenburg. Brandenburg disclaimed, being a tenant. In the brief for the appellees it is asserted that:

The "record further shows that the complaint was amended by striking all parties defendants [meaning plaintiffs, we suppose] except Augusta Shanks and Mary Langley, and further that

Mary Langley was a niece of Susan Littlefield, deceased."

We have not been able to find in the record any such amendment. Since all of the plaintiffs in statutory ejectment must recover or none can recover (Dake v. Sewell, 145 Ala. 581, 585, 39 South. 819; Knight v. Hunter, 155 Ala. 238, 46 South. 235) and, since the record discloses no evidence tending to show the right of all the plaintiffs to recover, the defendants were entitled to the general affirmative charge requested in their behalf.

[2] Testimony tending to show the mental status and physical condition of Mrs. Littlefield at or about the time of the execution of the deed of gift to Mrs. Thompson and A. J. Langley by her was admissible; provided the witnesses by whom such facts and opinions were to be shown were qualified to form and express opinions in that regard. Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33.

[3] The decision of the issue of the mental capacity vel non of Mrs. Littlefield to make the deed was for the jury. Touart v. Rickert, 163 Ala. 362, 50 South. 896.

A. J. Langley and Mrs. Thompson were not competent to testify to what took place upon the occasion of the execution of the deed to them by Mrs. Littlefield, since deceased. Code, § 4007.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.