(87 South. 341)
HOLLAND v. PATTILLO. (3 Div. 480.)

(Supreme Court of Alabama. Jan. 20, 1921.)

**I. Ejectment ⬾46—Tenant in actual possession party defendant.**

In a statutory real action in the nature of ejectment, as well as in an action at common law, the tenant in actual possession is the proper party defendant, and the landlord must on motion of the tenant, or on his own application, be made a defendant.

**2. Ejectment ⬾46 — Tenant not entitled to have his landlord made the sole party defendant.**

As ejectment is a possessory action, such statutes as Code 1907, § 3844, do not authorize plaintiff in ejectment to make the landlord an original defendant in commencing suit, nor dispense with the necessity of making the tenant a party defendant, and the tenant is not entitled to have his landlord made the sole party defendant.

Appeal from Circuit Court, Autauga County; M. C. McMorris, Judge.

Action by Minnie Pattillo against Mary Holland. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. E. O. Timmerman, of Prattville, for appellant.

The tenant must be sued, and to take judgment without making the person in possession a defendant is error. 117 Ala. 264, 23 South. 64; section 3838 et seq., Code 1907; Newell on Ejectment, 90 et seq.

Gipson & Booth, of Prattville, for appellee.

The court properly called the plea a plea of disclaimant. 148 Ala. 243, 41 South. 840; 202 Ala. 266, 80 South. 352.

THOMAS, J. The suit was statutory ejectment. Defendant filed the following plea:

"That she is the owner of the land sued for in the above-stated cause, but is not in possession thereof; that S. S. Oates is in possession as my tenant, having rented the same for a term of years."

The court held this was a plea of disclaimer and rendered judgment for plaintiff without costs or damages against defendant. In Dennis v. Price, 148 Ala. 243, 41 South. 840; Marbury Lumber Co. v. Wainwright, 202 Ala. 266, 80 South. 352, the party in actual possession was sued with other defendants.

[1, 2] The true rule in statutory real action in the nature of ejectment, as well as in an action at common law, is that the tenant in actual possession is the proper party defendant. Banks v. Speers, 117 Ala. 264, 23 South. 64; Morris v. Beebe, 54 Ala. 300, 304, 305; Smith v. Gayle, 58 Ala. 600; Wilson v. State, 115 Ala. 129, 132, 22 South. 567. The landlord must on motion of tenant, or on his own application, be made a defendant. Such statutes do not authorize the plaintiff to make him an original defendant in commencing suit, or dispense with the necessity of making the tenant a party defendant. Code 1907, § 3844. The tenant is not entitled to have his landlord made the sole party defendant (Leath v. Cobia, 175 Ala. 435, 443, 57 South. 972; McClendon v. Equitable Mortg. Co., 122 Ala. 384, 25 South. 30), ejectment being a possessory action (Salter v. Fox, 191 Ala. 34, 67 South. 1006).

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.