(92 South. 905)

## CROW v. SMITH et al. (7 Div. 206.)

(Supreme Court of Alabama. April 13, 1922.)

**1. Ejectment ☞9(3)—Plaintiff must recover on strength of his own title.**

Where the action is possessory, plaintiffs must recover on the strength of their own title, and not on the weakness of that of their adversaries.

**2. Judgment ☞235 — All plaintiffs must be entitled to recover, or none can recover.**

All plaintiffs in an action in the nature of ejectment, under Code 1907, § 5382, form 29, must be entitled to recover, and this rule has not been changed by section 3839.

**3. Evidence ☞383(7)—Copy in different ink, question affecting credibility.**

The fact that a copy of the deed was in different ink was a question affecting credibility of evidence, and not admissibility.

**4. Deeds ☞105—Conveyance to grantee and her children a conveyance to children living when deed executed.**

A conveyance to grantee and her children conveyed title to children living at the time the deed was made.

**5. Adverse possession ☞115(1)—Whether possession adverse, notorious, and hostile question for jury.**

Whether the possession is adverse, notorious, and hostile is usually a question of fact for the jury.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ejectment by Mrs. Ora Smith and others against C. L. Crow. Judgment for plaintiffs, and defendant appeals. Affirmed.

The plaintiffs were Mrs. Ora Smith, Mrs. Susie Keith, Hattie Keith, and Benton Keith, pro ami, and the defendant is C. L. Crow, a half-brother, each claiming title through John C. Crow. The defendant is of the first set of children, and the plaintiff Susie Keith is the only girl of the second set of children; she having one whole brother, J. C. Crow. It appears from the testimony that Susie Keith and A. C. Crow's mother owned a little farm in the valley, and after the death of their mother and after the marriage the third time of their father they sold the valley farm and bought from J. C. Crow the land in controversy; he and his third wife executing a deed to the same. Later J. C. moved to Ft. Payne, failed in business, and moved back to the old place to live with his son, A. C. Crow, whereupon Susie Keith and her husband deeded it to A. C. Crow so long as he and his father should live, and A. C. Crow, just before his death, executed the deed to Mrs. Keith, as mentioned in the opinion. The defendant relied on the title derived from his father, together with the claim of adverse possession.

Baker & Baker and C. A. Wolfes, all of Ft. Payne, for appellant.

All the plaintiffs must be entitled to recover, or none can, and they must recover on the strength of their own title. 78 Ala. 206; 191 Ala. 34, 67 South. 1006; 201 Ala. 627, 79 South. 189; 193 Ala. 482, 69 South. 564. The proof was not sufficient to authorize introduction of secondary evidence of the destroyed deed. 18 C. J. 437; 108 Ala. 553, 18 South. 561; 196 Ala. 309, 71 South. 397; 22 C. J. 1032. The subscribing witnesses should have been called or accounted for. 16 Ala. 725; 70 Ala. 284.

Isbell & Scott, of Ft. Payne, for appellees.

There was no error in the admissibility in evidence of the destroyed chain of title. 200 Ala. 4, 75 South. 316. The defendant did not establish his adverse possession, and in any event it was a jury question. 21 Ala. 151; 43 Ala. 633; 189 Ala. 325, 66 South. 491.

THOMAS, J. The action, under the statute, was in the nature of ejectment. Code, § 5382, p. 1200, form 29; Bush v. Glover, 47 Ala. 167, 171. The plaintiffs and defendant claimed title from a common source (Perolio v. Doe ex dem. Woodward Iron Co., 197 Ala. 560, 73 South. 197), to wit, their father, John Clark Crow. The plaintiffs are Susie Keith (the child of Crow by his second wife) and her children; the defendant is C. L. Crow, her half-brother and son of the father by his first wife. The judgment was for the plaintiffs.

[1-3] In ejectment, where the action is possessory (Holland v. Pattilo, 205 Ala. 221, 87 South. 341), plaintiffs must recover on the strength of their own title, and not on the weakness of the adversary's (Monfee v. Hagan, 201 Ala. 627, 79 South. 189; Stewart Bros. v. Ransom, 204 Ala. 589, 591, 87 South. 89; Haley v. Miller, 193 Ala. 482, 69 South. 564; Gerald v. Hayes, 205 Ala. 105, 87 South. 351); and all plaintiffs must be entitled to recover, or none can recover (Langley v. Shanks, 200 Ala. 176, 75 South. 924; Salter v. Fox, 191 Ala. 34, 67 South. 1006; Knight v. Hunter, 155 Ala. 238, 46 South. 235; Dake v. Sewell, 145 Ala. 581, 39 South. 819; Oates v. Beckworth, 112 Ala. 356, 20 South. 399; Seelye v. Smith, 85 Ala. 25, 4 South. 664; Whitlow v. Echols, 78 Ala. 206). This rule has not been changed by section 3839 of the Code of 1907. The fact that the copy of the deed was in different ink did not render the same inadmissible, after the proper predicate was laid. This was a question for the consideration of the jury, in weighing the evidence as to the title of plaintiffs.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] The deed from A. C. Crow to "Susie Keith and her children" conveyed the title to children living at the time the deed was made. Porter v. Henderson, 203 Ala. 312, 82 South. 668. The evidence showed without conflict that Mrs. Keith's youngest child was 15 years of age when the suit was brought on December 30, 1919 (judgment being rendered on February 9, 1921), and was in life when the deed was made on April 2, 1906. This conveyance reinvested, in Mrs. Keith and children then living, the title of A. C. Crow, who had theretofore been invested therewith by the deed of Mrs. Keith and husband about May, 1900; she having theretofore received a deed to the land from her father, John C. Crow, and his wife. The predicate was sufficient to warrant the secondary evidence of the respective conveyances. The evidence does not show that plaintiff, Mrs. Keith, was particeps criminis in the destruction of the deed in question. McCleery v. McCleery, 200 Ala. 4, 75 South. 316.

[5] The evidence of defendant's possession of the land was not sufficient, or of that character, to warrant the giving of the affirmative charge for defendant. The character of possession of the land under a claim of title—whether adverse, notorious, and hostile to the title of the true owner—was a question for the jury. Gerald v. Hayes, supra. Continuous adverse possession is usually a question of fact—whether the acts of the defendant, which were testified to, constituted such a possessio pedis, and assertion of right, as amounted to adverse possession—and it is the province of the jury to find the facts under the charge of the court. Bedsole v. Davis, 189 Ala. 325, 329, 66 South. 491; Collins v. Johnson, 57 Ala. 304; Rivers v. Thompson, 43 Ala. 633; Benje v. Creagh's Admr., 21 Ala. 151; Herbert v. Hanrick, 16 Ala. 581, 595; Price v. Talley's Adm'r, 18 Ala. 21; Doe ex dem. Farmer's Heirs v. Eslava, 11 Ala. 1028, 1044; Jackson v. Smith, 9 Johns. (N. Y.) 101.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.