199 So. 848

### SHARPE et al. v. McCLOUD.

3 Div. 332.

Supreme Court of Alabama.

Jan. 23, 1941.

John F. Britton, of Montgomery, for appellants.

Wm. F. Thetford, of Montgomery, for appellee.

KNIGHT, Justice.

Statutory ejectment.

The appellants, plaintiffs in the court below, brought this action to recover of Minerva McCloud a certain described lot in the City and County of Montgomery. The cause was tried by the court without a jury, and judgment was rendered against the plaintiffs. There were seven plaintiffs in the court below, and all join in the present appeal.

In this jurisdiction it is a rule, as old as our jurisprudence, that in ejectment, where the action is possessory, plaintiffs must recover, if they recover at all, on the strength of their own title, and not on the weakness of the adversary's title. Holland v. Pattillo, 205 Ala. 221, 87 So. 341; Monfee v. Hagan, 201 Ala. 627, 79 So. 189; Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89; Gerald v. Hayes, 205 Ala. 105, 87 So. 351; Haley v. Miller, 193 Ala. 482, 69 So. 564.

It is also a rule, long recognized and enforced here that all plaintiffs must be entitled to recover, or none can recover. Langley v. Shanks, 200 Ala. 176, 75 So. 924; Salter v. Fox, 191 Ala. 34, 67 So. 1006; Knight v. Hunter, 155 Ala. 238, 46 So. 235; Dake v. Sewell, 145 Ala. 581, 39 So. 819; Oates v. Beckworth, 112 Ala. 356, 20 So. 399; Whitlow v. Echols, 78 Ala. 206; Crow v. Smith, 207 Ala. 311, 92 So. 905. Section 6645 applies only to suits in equity.

The evidence set out in the bill of exceptions, fairly interpreted, shows that the property sued for was owned by John Reid, at the time of his death, and that upon his death the same passed to, and became the property of his heirs at law, subject to a life estate therein on the part of his widow, Martha Reid. John Reid died in 1924, and his widow died in 1928, the month and day of her death are not shown by record. Since the death of the widow, the defendant, Minerva McCloud, has been in the possession of the property. She did not enter under, or by the permission of the plaintiffs, or of either of them. It appears, on the contrary, that after the death of John Reid the defendant went to live with her aunt, the said Martha Reid, on said property, and after the death of the aunt, she has continued to live on the property to the present time.

If it be conceded that the plaintiffs, Emma Sharpe, Howard Battle and Mose

Moore, were and are heirs at law of said John Reid, deceased, and, as such heirs, were entitled to recover the property, the evidence wholly fails to show that the other four plaintiffs—King Grimmett, Tommie Grimmett, Katie Pace and Marie Sims—were heirs at law of said John Reid, deceased, and, therefore, it—the evidence—wholly fails to show any title or right of possession in them. To be sure, the evidence tends to show that John Reid, deceased, was a brother of King Grimmett's father (said King Grimmett being one of the plaintiffs), but the evidence does not show that King Grimmett's father was dead. The evidence also wholly fails to show that the plaintiffs, Tommie Grimmett, Katie Pace and Marie Sims were heirs at law of said John Reid, deceased.

Inasmuch as the evidence wholly failed to show any right of recovery on the part of four of the plaintiffs, the court properly denied recovery to all plaintiffs, as, under the rule heretofore stated, all plaintiffs must recover or none.

The judgment of the circuit court must, therefore, be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.